WADDELL, Plaintiff and Appellant, vs. MAMAT, Defendant and Appellant: ANDREWS, Impleaded Defendant and Respondent.*

*October 12—November 8, 1955.*

* Motion for rehearing denied, with $25 costs, on January 10, 1956.

For the appellants there was a brief and oral argument by *Irving D. Gaines* of Milwaukee, for Edna Waddell, and by *Raymond J. Moore* of Milwaukee, for Hasson Mamat.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edmund W. Powell* and *Anton Motz* of counsel, all of Milwaukee, and oral argument by *Mr. Powell.*

MARTIN, J.   Respondent raises the question whether this is an appealable order.  The order denies to appellants a substantial right given them by sec. 85.05 (3), Stats. 1951. It is a right comparable to that granted under sec. 326.12 which has been held to be a provisional remedy.  See 1 Callaghan's Wis. Dig., Appeal and Error, p. 293, sec. 197.  An order denying such a right is appealable under sec. 274.33.

Sec. 85.05 (3), Stats. 1951, so far as material, provided:

"The use and operation by a nonresident of a motor vehicle over the highways of Wisconsin shall be deemed an irrevocable appointment binding upon him, his executor, administrator, or personal representative by such nonresident of the commissioner of the motor vehicle department to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, or his executor, administrator, or personal representative, growing out of such use or operation resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him, or his executor, administrator, or personal representative, which is so served shall be of the same legal force and validity as if served on him personally, or his executor, administrator, or personal representative."

In August, 1953, sec. 85.05, Stats., was simultaneously repealed and re-created by ch. 593, Laws of 1953, which was published August 12, 1953. In re-creating the section the above provision was omitted.

The primary question before us is the effect of ch. 593, Laws of 1953, on the substituted service in this case. Appellants cite sec. 370.04, Stats., which provides in part:

"The repeal of a statute hereafter shall not remit, defeat, or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred, or rights of action accrued under such statute before the repeal thereof, . . ."

As respondent points out, the right granted under sec. 85.05 (3), Stats. 1951, is not a right of action but a procedural right. In our opinion, however, its existence does not depend upon sec. 370.04.

The language of the 1951 statute is significant. At the moment Andrews drove his automobile on the highways of this state he appointed the commissioner of motor vehicles his agent for the service of process in any claim by a citizen of Wisconsin that might arise out of his use of our highways.

Under the express terms of the statute that appointment was *irrevocable*. And when the accident occurred the procedural right of service on him through the commissioner accrued to anyone who might have a claim against him as the result of that accident. The essential elements for the accrual of such right were present and complete on November 13, 1951,— the appointment of the commissioner had been made by Andrews' use of the Wisconsin highways; the accident had occurred giving rise to a claim against him. Such right could not thereafter be extinguished until the final adjudication of the claim brought into being by his use of the highways.

That an accrued or established right is not destroyed by repeal of the statute under which it came into existence is entirely consistent with the interpretation placed by the legislature on the effect of the 1898 repeals in sec. 371.03, Stats.:

"The repeal of said acts shall not affect any act done or right accrued or established, . . . previous to the time when such repeal shall take effect; but every such . . . right . . . shall remain as valid and effectual as if the provision so repealed had remained in force; . . ."

Cases cited in the briefs in which the applicability of sec. 370.04, Stats., was considered are not in point here, but a discussion of one of them will serve to point up the attributes of the procedural right involved in this case.

Respondent cites *Metropolitan Life Ins. Co. v. Wisconsin L. R. Board* (1941), 237 Wis. 464, 297 N. W. 430, where the labor board issued an order in proceedings under ch. 111, Stats. 1937, requiring the employer to recognize a certain bargaining unit. The order was not enforceable until affirmed by the circuit court. Before such an affirmation of the order was made in the circuit court the legislature repealed ch. 111, Stats. 1937, and enacted a new chapter. It was contended that the repeal nullified the board's order and that thereafter

the court could not enforce it, but the lower court held that sec. 370.04, Stats., preserved the union's right to have the order confirmed and enforced because the requirement that the company bargain collectively constituted a "civil liability" within the meaning of that section. On appeal this court disagreed on the ground that until confirmation and adjudication of enforcement by the circuit court; no right to enforcement had vested in the union and no civil liability had accrued which would be preserved under sec. 370.04.

In that decision the court frequently described the right ensuing by virtue of the order as an inchoate right. It could ripen into a right preserved by sec. 370.04, Stats., only upon the happening of a further event—the adjudication of the circuit court affirming the order.

Here, however, the right to serve process on the nonresident through the commissioner of motor vehicles was a fully accrued right prior to the repeal of sec. 85.05 (3), Stats. Andrews' appointment of the commissioner as his attorney for the service of process was an accomplished fact on the date of the accident, and irrevocable. Appellants' right, founded on that appointment, was completely established at the moment the accident happened, and it continued as long as the appointment was in force.

The question whether ch. 593, Laws of 1953, made it impossible for such an agency to be established between the commissioner and the nonresident after August 12, 1953, is not presented by the facts in this case, but the facts do show that the agency had been established almost two years prior to that date. Under the circumstances here, the appointment being irrevocable, it could be terminated only when the purposes for which it was established had been accomplished. To hold otherwise would be to make ch. 593, Laws of 1953, retroactive to November 13, 1951.

The general rule applicable here is stated in 82 C. J. S., Statutes, p. 1010, sec. 435:

"The repeal of a statute does not operate to impair or otherwise affect rights which have been vested or accrued while the statute was in force . . .

"*Even where no question of vested rights is involved,* the presumption is that repeal of a statute does not invalidate the accrued results of its operative tenure, and it will not be thus retroactively construed as undoing accrued results if not clearly required by the language of the repealing act."

Similar language was used in *Opinion of the Justices* (1938), 89 N. H. 563, 565, 198 Atl. 249:

"The repeal of a statute renders it thenceforth inoperative, but it does not undo or set aside the consequences of its operation while in force unless such a result is directed by express language or necessary implication. A status established in a manner which becomes proscribed is not lost by the mere fact of the proscription.

"Even, as here, where no question of vested rights is involved, the presumption is that the repeal of an act does not invalidate the accrued results of its operative tenure. To undo such results by a repeal is to give it retroactivity, and based upon elemental principles of justice a rule of construction avoids that effect if the language of the repeal does not clearly require it."

There is nothing in ch. 593, Laws of 1953, which would constitute an express abrogation of any rights accrued under sec. 85.05 (3), Stats., prior to its repeal. Nor is any such abrogation necessarily implied in the repealing act. It is of some significance that the re-creation of sec. 85.05 by ch. 593, Laws of 1953, omitted sub. (3) by mistake, and at the adjourned session of the 1953 legislature it passed sec. 8 of Bill 696, S., to re-enact the provisions for substituted service. An explanatory note to that section of the bill stated:

"This section reinstates sec. 85.05 (3) and (4), Wis. Stats. (1951), which provided for the service of process on nonresidents in actions growing out of their use of highways in this state. It is a fundamental part of the law which was

mistakenly omitted when the section was repealed and re-created by chapter 593, Laws of 1953. . . ."

If the legislature did not intend to omit sub. (3) of sec. 85.05, Stats., at all, it certainly did not intend to give its repeal retroactive effect.

It is also contended by respondent that the service was invalid because the process was not sent to the last-known address of the nonresident, as the statute requires. The last-known address is that one most likely to give the party to be served notice, although actual notice is not essential. See *Sorenson v. Stowers* (1947), 251 Wis. 398, 29 N. W. (2d) 512. It is just as logical for such address to be the nonresident's place of business as his residence. No distinction has been shown by the respondent. The address used, 3555 Dempster street, Skokie, Illinois, was the address of a restaurant where Andrews had been employed as manager in 1952. Andrews could not be found at the time service was attempted, and while the affidavits filed herein show that a different address might have been used, there is no showing that service was more likely to have been made upon him there than at the address which was used.

*By the Court.*—Order reversed, and cause remanded for further proceedings.