PER CURIAM.
Eldrick W. Wooding appeals an order denying his motion to modify his child support obligation. We affirm in part and reverse in part.
Wooding filed a motion to reduce his child support obligation. After an eviden-tiary hearing, the trial court denied his request for a reduction. That portion of the order is affirmed.
Appellee Belinda Williams had not requested an increase in child support. However, based on the income figures adduced at the hearing, the trial court sua sponte concluded that the amount of child support should be increased, and so ordered.
We conclude that the requirements of due process dictate that there be notice and an opportunity to be heard on the issue presented. See Jackson v. Powell, 546 So.2d 1145, 1146 (Fla. 3d DCA 1989); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979). While the court was free to initiate an upward modification on its own motion, the court was obliged to so advise the parties and set a hearing date for an evidentiary hearing on the upward modification. See Gubana v. Gubana, 511 So.2d 1066, 1067 (Fla. 4th DCA 1987). As the upward modification was ordered without prior notice, we reverse that part of the order. This ruling is without prejudice to the right of Williams or the court to seek an upward modification on a proper motion with notice and an opportunity to be heard. In light of this ruling, we need not reach Wooding’s other points with respect to the upward modification.
Affirmed in part, reversed in part.