Garland and another vs. Hickey and others.

GARLAND and another, Appellants, vs. HICKEY and others, Respondents.

*November 5 — December 3, 1889.*

*Logs and lumber: Liens for supplies: Petition by one partner: Clerical error: Statutes: Certainty: Repeal: Saving pending actions.*

1. A petition for a lien upon logs may be made by one partner for and on behalf of the firm; and a clerical error in claiming the lien for the sum due to "him" instead of "them," should be disregarded.
2. Ch. 469, Laws of 1885, gave a lien on logs for supplies furnished in certain counties. Ch. 530, Laws of 1887, enacted that the provisions of said ch. 469 and the several acts amendatory thereof should apply to and be in force in certain other counties. *Held*, that the

later act gave a lien for supplies in such other counties, and is not indefinite or uncertain. The fact that there were no acts amendatory of said ch. 469 is immaterial.

3. Ch. 413, Laws of 1889, provided that there should be no lien for supplies except in two counties named. *Held*, that a pending action to enforce a lien for supplies furnished in another county, in which such lien had theretofore existed, was saved by sec. 4974, R. S.

4. The legislature may, by a general prospective statute, save all rights accrued or actions pending under a repealed statute, where they are not expressly abrogated or taken away by the repealing act.

APPEAL from the Circuit Court for *Lincoln* County.

Action to enforce a lien upon logs for supplies furnished to the defendant *Hickey* and used in the cutting, hauling, and banking of said logs in Lincoln county. The action was commenced in the municipal court for Lincoln county, April 19, 1888. In that court judgment was rendered in favor of the plaintiffs, and the defendants appealed to the circuit court. The latter court held that there was no law for the enforcement of a lien for supplies upon logs in Lincoln county, and directed a verdict in favor of the plaintiffs and against the defendant *Hickey* for the amount claimed, and that the same was not a lien upon the logs. From that part of the judgment entered accordingly, which adjudges that no part of the same is a lien upon the logs, the plaintiffs appeal.

For the appellants there were briefs by *Flett & Porter*, attorneys, and *Alban & Barnes* and *Pinney & Sanborn*, of counsel, and oral argument by *W. H. Flett* and *A. L. Sanborn*.

For the respondents there was a brief by *John Van Hecke*, attorney, and *Bump & Hetzel, Silverthorn, Hurley, Ryan & Jones*, and *Curtis & Curtis*, of counsel, and the cause was argued orally by *George Curtis* and *T. C. Ryan*. They contended, *inter alia*, that as sec. 4974, R. S., relates to penal as well as to civil liabilities, it must be strictly construed. *Dillon v. Linder*, 36 Wis. 344–357. So far as it

relates to civil rights or remedies it purports to save *rights of action* created by or founded upon the repealed statute, and actions brought for the enforcement of such rights of action, only. It does not purport to save a mere *remedy* created by statute. The lien given by statute is not a "right of action," but a *remedy* merely, and is not saved by sec. 4974. Rapalje & L. Law Dict. tit. RIGHT OF ACTION; Id. tit. CAUSE OF ACTION; 2 Jones on Mort. sec. 1215; *Warner v. B. & O. R. Co.* 31 Ohio St. 265; Cooley's Const. Lim. 361; *Bird v. Fake,* 1 Pin. 290; *Johnson v. Meeker,* 1 Wis. 436; *Brandeis v. Neustadtl,* 13 id. 142; *Frost v. Ilsley,* 54 Me. 345; *Bailey v. Mason,* 4 Minn. 546; *Bangor v. Goding,* 35 Me. 73; *S. C.* 56 Am. Dec. 688, and note; *Hall v. Bunte,* 20 Ind. 304; *Martin v. Hewitt,* 44 Ala. 418; *Pratt v. Seavey,* 41 Me. 370; *Woodbury v. Grimes,* 1 Col. 100; *Donaldson v. O'Connor,* 1 E. D. Smith, 695; *Watson v. N. Y. C. R. Co.* 47 N. Y. 157, 162–3; *Railroad Co. v. Grant,* 98 U. S. 398; *Insurance Co. v. Ritchie,* 5 Wall. 541; *South Carolina v. Gaillard,* 101 U. S. 433; Phillips, Mech. Liens, ch. 4, sec. 28. Sec. 4974, R. S., is not valid or binding as a rule of construction. It is not competent for the legislature to limit its own legislative powers by prescribing rules intended to govern the method of repealing and amending statutes. *Mix v. I. C. R. Co.* 116 Ill. 502; *Kellogg v. Oshkosh,* 14 Wis. 623; *Files v. Fuller,* 44 Ark. 273; *State ex rel. Nevada Co. v. Hicks,* 48 id. 515; *Gregory v. German Bank,* 25 Am. Rep. 760.

COLE, C. J. I. The objection that the petition for a lien upon the logs was not sufficient is clearly untenable. It states, in substance, that *Hickey,* who had the supplies, is justly indebted to the firm of J. C. Garland & Son in the sum named, and that such indebtedness accrued for supplies furnished and used in and about the cutting, hauling, and driving of the logs described and marked as therein speci-

fied; that the supplies were furnished and used in Lincoln county between the 12th day of December, 1887, and the 21st day of January, 1888; that the debt became due on the day last named; and that the sum of $232.49, with interest thereon, remains unpaid. The petition then claims a lien upon the logs and lumber mentioned for the sum due and unpaid to *him*. The petition is signed by *F. S. Garland*, who swears in the verification that he is one of the firm of J. C. Garland & Son, and makes the verification on behalf of himself and his copartner, *J. C. Garland*, and that he knows the contents of the petition to be true of his own knowledge. It is objected that the petition should be signed by both of the plaintiffs, or by an attorney for them. A petition made by one member of a firm for and in behalf of such firm is sufficient. A partner is an agent of the firm, and has authority to act in its behalf in such matters. This proposition is too plain for argument. The statute requires the petition or claim for a lien to be made in writing, and to be signed by the claimant or his attorney, and verified by the claimant, or by some one in his behalf, in the same manner that pleadings in civil actions are verified, setting forth, etc. Sec. 3, ch. 469, Laws of 1885. We suppose pleadings in civil actions may be verified by one of the partners for the firm, and that it is not necessary for all the partners to verify them. "It is clear that the petition might be made and filed by either of the partners in the name of the firm, in the absence of the other, and without his knowledge. Each partner is the agent of the firm for the transaction of all matters pertaining to its ordinary business and affairs." *White v. Dumpke*, 45 Wis. 454. In the petition the pronoun "him" is used for "them," but this is a mere clerical mistake, and could mislead no one. It is very obvious from the petition that the debt was a debt due the firm, and that a lien was claimed on behalf of the firm for the amount due

it. The mistake in using the word "him" for "them" did not vitiate the petition, and should be disregarded.

II. There can be no doubt that when the supplies were furnished in the winter of 1887–88, and when the action was commenced in the municipal court in April, 1888, the statutes gave a lien for such supplies in Lincoln county. Ch. 469, Laws of 1885, expressly gave such lien for supplies in the counties therein named. · *Stacy v. Bryant*, 73 Wis. 14; *Patten v. N. W. Lumber Co.* 73 Wis. 233. True, Lincoln county is not one of the counties named; but by ch. 530, Laws of 1887, it is enacted that the provisions of ch. 469, Laws of 1885, shall apply to and be in force in Wood, Lincoln, and Oneida counties. In view of this legislation, how it can be seriously claimed that the provisions relating to a lien for supplies given by the law of 1885 do not apply to and are not in force in Lincoln county, we fail to comprehend. The law of 1887 expressly declares such provisions shall apply to and be in force in Lincoln county, and there is no doubt, ambiguity, or indefiniteness in the language of the law, and can be none, as to the intent of the legislature to make them so apply. It is said ch. 530, Laws of 1887, does not provide that the provisions relating to a lien for supplies in the counties named in ch. 469, Laws of 1885, shall be in force in Lincoln county. This is a most obvious mistake. Sec. 1 reads: "The provisions of chapter 469 of the laws of Wisconsin of 1885, and the several acts amendatory thereof, shall apply to and be in force in Wood, Lincoln, and Oneida counties." What language could be more clear, definite, and precise than this? Whatever provisions relating to a lien for supplies were contained in ch. 469, Laws of 1885, were in force in Lincoln county, if language means anything. It is true the law of 1887 speaks of the "several acts amendatory" to the act of 1885, but, if there are no such amendatory acts, evidently

there is nothing to which those words can refer. But this does not impair or render doubtful the application of any of the provisions of the law of 1885 which might and did apply to Lincoln county as well as to the counties which were named in ch. 469. There is no difficulty whatever in applying the lien act to Lincoln county, and certainly there can be no rational doubt that the legislature intended it should apply. This method of enacting laws is sometimes resorted to by the legislature, and it is as effectual as though the entire law were re-enacted *verbatim*. It is, in fact, a re-enactment of the previously existing statute or provisions by a reference thereto, as was done in *Land, L. & L. Co. v. Brown*, 73 Wis. 294. As the intention of the legislature is entirely clear to give a lien for supplies furnished in Lincoln county, effect must be given to the statute upon the subject. "It would be a palpable violation of judicial duty and propriety not to do so." RYAN, C. J., in *Attorney-General v. Eau Claire*, 37 Wis. 438.

III. Now, has the plaintiffs' right to a lien for supplies furnished in Lincoln county been destroyed or taken away by any subsequent legislation? They obtained a judgment for a lien in municipal court in the spring of 1888. From that judgment the defendants appealed to the circuit court, where the cause was tried in October, 1888. The circuit court decided that there was no law giving a lien for supplies furnished in Lincoln county, and on that ground refused such lien, but gave a judgment against the defendant *Hickey*, who was the debtor, for the amount set forth in the complaint. The plaintiffs then took an appeal to this court from that part of the judgment wherein it was adjudged that no part of the debt was a lien upon the logs described in the complaint, and the cause was pending in this court when ch. 413, Laws of 1889, was enacted, which, among other things, provides that there shall be no lien for supplies under that act except in the counties of Oconto

and Douglas.    Sec. 16.    It is claimed that this act destroys
or extinguishes the plaintiffs' right to a lien for supplies,
though this action was then pending in this court.    To
sustain this position defendants' counsel rely upon the rule
of law that a repeal of a statute creating a right of action,
or giving a remedy, where none before existed, carries with
it such right or remedy as completely as if such repealed
statute had never existed, except where rights had become
vested, as by final judgment in the action, under such stat-
ute before its repeal; and that this is the rule whether the
claim or demand founded upon such repealed statute be in
course of prosecution or not at the time of such repeal.    On
the other hand, it is insisted that ch. 413 has no effect upon
the plaintiffs' rights or upon the judgment which they had
recovered before this act went into operation, because that
act does not expressly destroy pending actions or causes of
action to enforce such lien, but simply repeals the laws of
1885 and 1887, under which the action was brought, and
certain conflicting provisions of the Revised Statutes.    It
is said that sec. 4974, R. S., saves this action.    It may ad-
mit of doubt whether, if there were no saving statute, the
repeal of a law giving a lien for supplies furnished, in the
position the case stood, would deprive the plaintiff of the
right to enforce it.    Be that as it may, it seems to us that
the plaintiffs' right to a lien is saved by sec. 4974.    Omit-
ting the portions of that section which have no application
to this case, it provides that the repeal of a statute here-
after shall not defeat or impair any civil liability incurred,
or rights of actions accrued, under such statute before the
repeal thereof, whether or not in the course of prosecution
or action at the time of such repeal; but all such rights of
action created by or founded upon such statute, liability
wherefor shall have been incurred before the time of such
repeal thereof, shall be preserved and remain in force, not-
withstanding such repeal, unless expressly abrogated or

Garland and another vs. Hickey and others.

done away with by the repealing statute. And actions at law or in equity founded upon such repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal, but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force to the day of the final judgment thereon, unless the rights of action shall be specially and expressly abrogated or done away with by such repealing statute.

We cannot see any escape from the conclusion that the plaintiffs' right to a lien upon the logs was saved by this statute. There is certainly no ground for saying that this right was specially and expressly abrogated by ch. 413. Had that chapter saved the right to a lien which had accrued, or actions pending to enforce such lien given by the repealed statute, there could be no doubt that the repealing statute would not destroy such lien, and it is within the power of the legislature to save all rights accrued or actions pending under a repealed statute by express provisions in the repealing statute or by a general prospective statute. *Dillon v. Linder*, 36 Wis. 344–350. We must therefore hold that the plaintiffs' right to a lien upon the logs for supplies furnished in Lincoln county was not destroyed by ch. 413.

It follows from these views that the judgment of the circuit court must be reversed, and the cause be remanded for a new trial.

*By the Court.*— It is so ordered.