NIESEN, Respondent, v. STATE, Appellant.

*March 1—April 12, 1966.*

For the appellant the cause was argued by *Richard E. Barrett,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Anderson, Bylsma & Eisenberg* and *William G. Rice,* all of Madison, and oral argument by *Mr. Rice.*

GORDON, J. Although sec. 88.38 (2), Stats., was repealed by the session laws of 1963, the repealing statute was not effective until June 13, 1964. It is clear that Mr. Niesen's cause of action arose prior to the effective date of the new statute.

Mr. Niesen was entitled to pursue a cause of action for damages if sec. 88.38 (2), Stats., governed. The appellant contends, however, that sec. 88.87, which was adopted by ch. 572, Laws of 1963, both abolished sec. 88.38 (2) and obliterated the right of Mr. Niesen to seek damages in his complaint.

The trial court concluded that the plaintiff's rights are governed by sec. 88.38 (2), Stats., which was the law in effect at the time the cause of action arose. The trial court relied upon those provisions of the Wisconsin statutes which preserve actions founded upon repealed statutes when the repealing statute does not expressly negative accrued rights.

Our understanding of sec. 990.04, Stats., necessitates the affirmance of the learned trial court's conclusion. We believe it is the clear intention of sec. 990.04 to preserve all rights which may have arisen before the repeal of a statute unless such rights are "specially and expressly remitted, abrogated or done away with by the repealing statute." A careful examination of sec. 88.87 fails to disclose any language which can fairly be con-

strued to reflect the legislature's intention to terminate rights of action which had accrued under sec. 88.38 (2) prior to its repeal.

The state relies upon several Wisconsin cases, such as *Dillon v. Linder* (1874), 36 Wis. 344, which assert that a cause of action wholly created by a statute becomes nonexistent when such statute is repealed unless continuance of the right is expressly reserved. The divergence between sec. 990.04, Stats., and the *Dillon Case* is readily apparent. We think that the answer lies in the fact that sec. 990.04 (sec. 4974, Stats. 1878) was revised in 1878, after the decision in the *Dillon Case*. The purpose for the revision was expressed in *Miller v. Chicago & N. W. R. Co.* (1907), 133 Wis. 183, 189, 113 N. W. 384, where the court stated:

"In that case [*Dillon v. Linder*] a right which existed under a repealed law at the time of such repeal was involved. It was sought to enforce it nevertheless, under sec. 33, ch. 119, R. S. 1858, which in terms saved pending actions but did not expressly save existing causes of action. By applying the rule of strict construction, perhaps to the limit of reasonableness, it was held that the right did not survive the repeal, and, therefore, that the general law saving pending actions was ineffective. *That led, as the revisers' notes show, to a change in the law to the form we now have for the very purpose of preventing, in the future, the mere repeal of a statute from defeating existing rights.*" (Emphasis added.)

See also *H. W. Wright Lumber Co. v. Hixon* (1899), 105 Wis. 153, 159, 80 N. W. 1110, 80 N. W. 1135; *Garland v. Hickey* (1889), 75 Wis. 178, 184, 43 N. W. 832.

The state also points to *Will of Robinson* (1935), 218 Wis. 596, 261 N. W. 725, where the court distinguished between statutes which wholly created rights and those which merely regulated or defined existing rights. In our opinion, cases such as *Will of Robinson* do not clash with our present interpretation of sec. 990.04, Stats., but rather they relate to the competency of the legislature to affect

vested rights by subsequent legislation. In the case at bar, the legislature did not purport to affect Mr. Niesen's accrued cause of action, and under sec. 990.04, he is entitled to pursue it.

We conclude that rights which had arisen in favor of the plaintiff under sec. 88.38 (2), Stats., prior to its being repealed are preserved to Mr. Niesen by sec. 990.04. Any language in the *Dillon Case* to the contrary is resolved by the legislative revision of sec. 990.04 in 1878. *Waddell v. Mamat* (1955), 271 Wis. 176, 182, 72 N. W. (2d) 763.

*By the Court.*—Order affirmed.