ZEL S. RICE II, Secretary Department of Industry, Labor andHuman Relations
You submit a question based upon the following factual situation:
 "During an investigation conducted by this agency during the past several months, some hearing examiners have stated that a number of decisions issued by them were the result of direction or pressure by a supervisor and contrary to their own determinations of the facts and/or law."
You ask whether your agency has authority after the time specified in sec. 108.09 (6)(a), Stats. (i.e., "before a deputy's determination or an appeal tribunal's decision is mailed to the *Page 227 
parties"), to reopen and reconsider those otherwise final decisions on the ground of fraud.
I do not think that this situation involves fraud. The cases you have cited which permitted reconsideration because of fraud involved misrepresentation by one of the parties, not errors committed by the administrative agencies.
In my opinion current statutes prevent the decisions from being reopened by the department. The statutes expressly provide the circumstances upon which, and the time within which, the commission may reopen decisions upon its own motion.
Subsection (d) of sec. 108.09 (6), Stats., reads:
 "The commission may on its own motion, for reasons it deems sufficient, set aside any final deputy's determination or appeal tribunal or commission decision within one year from the date thereof upon grounds of mistake or newly discovered evidence, and may make new findings and a decision, after affording reasonable opportunity for hearing, or it may reinstate the previous findings and decision."
There are cases in other jurisdictions where courts have permitted reconsideration of final administrative decisions where there was no statutory authority to reopen decisions. These cases are inapplicable since the Legislature has already provided a procedure to deal with such errors and in the interest of finality has specifically limited the procedure to one year. I have been unable to find any authority in this or any other jurisdiction which would support reopening after a legislatively imposed time limit. Indeed, those few cases which have considered the issue come to the conclusion that decisions cannot be reopened under these circumstances. Handlon v. Belleville,4 N.J. 99, 71 A.2d 624, 627 (1950); State v. Ohio Stove Co.,154 Ohio St. 27, 93 N.E.2d 291 (1950); Suryan v. Alaska Industrial Board,12 Alaska 571 (D.C. 1950). I am of the opinion that our courts would follow these cases and the apparent legislative intent in sec. 108.09 (6)(d), Stats., to provide finality.
Other statutory provisions may permit some reconsideration of these decisions. First, sec. 108.09 (7) (a), Stats., provides for judicial review brought by either party. The section reads: *Page 228 
 "Either party may commence judicial action for the review of a decision of the commission under this chapter if the party after exhausting the remedies provided under this section has commenced such judicial action in accordance with s. 102.23, 1971 stats., within 30 days after a decision of the commission was mailed to his last-known address."
Although I note that this section likewise contains a thirty day time limitation I think that in the interest of fairness the Department should notify the parties involved so that they may consider action even if the options are limited.
Second, there is a procedure under sec. 16.007 (3), Stats., for bringing matters of this sort before the Claims Board. If claimants are notified they can consider pursuing this remedy.
I am also of the opinion that the Legislature could amend the statute retroactively to cover this situation. Statutes which are remedial or procedural in nature can be applied retroactively if they do not disturb absolute vested rights. Steffen v. Little,2 Wis.2d 350, 357, 86 N.W.2d 622 (1957). A legislative enactment permitting reconsideration of these decisions would not disturb a vested right. It would protect the integrity of the decision-making process and go to matters of remedy. See Chase SecuritiesCorp. v. Donaldson, 325 U.S. 304, 314 (1945) (statutes of limitation go to matters of remedy, not to destruction of fundamental rights). Moreover, even those statutes which do affect vested rights may be applied retroactively if the Legislature clearly intended such application. Niesen v. State,30 Wis.2d 490, 141 N.W.2d 194 (1966).
BCL:BL