STATE of Wisconsin,
Plaintiff-Respondent-Cross-Appellant,

v.

Bruce Duncan MACARTHUR,
Defendant-Appellant-Cross-Respondent.

Supreme Court

*No. 2006AP1379–CR. Oral argument March 4, 2008.
—Decided June 26, 2008.*

2008 WI 72

(Also reported in 750 N.W.2d 910.)

For the defendant-appellant-cross-respondent there were briefs by *Alex Flynn* and *Alex Flynn & Associates, S.C.,* Milwaukee, and oral argument by *Alex Flynn.*

For the plaintiff-respondent-cross-appellant the cause was argued by *James M. Freimuth,* assistant attorney general, with whom on the briefs was *J.B. Van Hollen,* attorney general.

An amicus curiae brief was filed by *Robert R. Henak* and *Henak Law Office, S.C.,* Milwaukee, on behalf of Father Donald J. McGuire.

¶ 1. ANNETTE KINGSLAND ZIEGLER, J. This case is before the court on certification by the court of appeals, pursuant to Wis. Stat. § (Rule) 809.61 (2005–06). The State alleges that Bruce MacArthur sexually abused three children between 1965 and 1972. Accordingly, he was charged with multiple counts of having sexual intercourse with a child and indecent behavior with a child pursuant to Wis. Stat. §§ 944.10(1), 944.10(3), 944.11(1), and 944.11(2) (1966–67).[1] He moved to dismiss those charges based upon the statute of limitations. The circuit court denied MacArthur's motion to dismiss.

¶ 2. This case presents the following issues: First, should the statute of limitations that governs the charges against MacArthur be the version of Wis. Stat. § 939.74 that was in effect between 1965 and 1972 or the version of that statute that was in effect in 2006?[2] MacArthur is alleged to have committed several sexual assault offenses between 1965 and 1972, but he was not charged until January of 2006. Depending on which statute applies, the charges may be barred. We conclude that the applicable version of Wis. Stat. § 939.74 is the

[1] References to the applicable year of the Wisconsin Statutes vary throughout this opinion and will be identified accordingly.

[2] The relevant statutory texts can be found in section III of this opinion.

version that existed between 1965 and 1972. Second, what is the proper procedure for determining public resident tolling under Wis. Stat. § 939.74(3)? Whether the statute of limitations is tolled because MacArthur was not a public resident of the state affects the viability of the charges against MacArthur. We adopt an approach consistent with the federal court's approach to the tolling provision in 18 U.S.C. § 3290. Therefore, we conclude that the circuit court judge decides the tolling issue in a pretrial proceeding wherein the State must prove by a preponderance of the evidence that a defendant was not a public resident.

## I. BACKGROUND

¶ 3. MacArthur allegedly sexually abused three children at the former St. Joseph's Hospital in Beaver Dam, Wisconsin. The State asserts that the incidents occurred between March 1965 and June 1972 when MacArthur was a chaplain at the hospital. On January 18, 2006, MacArthur was charged with a number of crimes for those alleged incidents. Count one: Sexual intercourse with a child contrary to Wis. Stat. § 944.10(3) (1966–67).[3] Count two: Indecent behavior with a child contrary to Wis. Stat. § 944.11(2) (1966–67). Count three: Sexual intercourse with a child contrary to Wis. Stat. § 944.10(1) (1966–67). Count four: Indecent behavior with a child contrary to Wis. Stat. § 944.11(1) (1966–67). Count five: Indecent behavior with a child contrary to Wis. Stat. § 944.11(2) (1966–67). Count six: Attempted indecent behavior

---

[3] The criminal complaint cites the 1966–67 statutes for each count regardless of when between 1965 and 1972 the alleged crimes occurred. However, the relevant chapter 944 offenses were not altered during this time between 1965 and 1972.

554

with a child contrary to Wis. Stat. §§ 944.11(2) and 939.32 (1966–67). Count seven: Indecent behavior with a child contrary to Wis. Stat. § 944.11(1) (1966–67).[4]

¶ 4. On February 24, 2006, MacArthur moved the circuit court to dismiss all counts. In short, MacArthur argued that the six-year statute of limitations, Wis. Stat. § 939.74 (1965–72), had expired, thus depriving the court of jurisdiction. Moreover, MacArthur argued that the complaint failed to offer any proof that Mac-Arthur left the state, which would be required to give rise to the tolling provision in Wis. Stat. § 939.74(3) (1965–72).[5] In the alternative, MacArthur argued that even if the State could prove MacArthur was not a resident of Wisconsin after 1970, the prosecution was barred because Wis. Stat. § 939.74(2)(c) (2005–06) prohibits prosecution after a victim reaches the age of 45 years old, and in this case, the victims were older than 45 years old when the complaint was filed.

¶ 5. On May 25, 2006, the circuit court denied MacArthur's motion to dismiss. It concluded that the age limitations of subsection (2)(c) of Wis. Stat. § 939.74, which became effective on July 1, 1989, did not apply to chapter 944 offenses from 1965–72. Subsection (2)(c) refers to crimes pursuant to chapter 948, which was created by the same Act and does not refer to chapter 944. As a result, the circuit court stated, "[t]he plain text of the statute, of course, does not refer to any predecessor statute of sec. 948.02." Accordingly, the circuit court determined that the age limitations in

---

[4] The probable cause portion of the criminal complaint was amended on March 28, 2006, and March 31, 2006. However, the underlying charges remained the same.

[5] The State subsequently amended its complaint, as detailed in footnote three, to address this defect.

subsection (2)(c) did not apply and that Wis. Stat. § 939.74 (1965–72) governed the statute of limitations issues in this case.

¶ 6. The circuit court scheduled a pretrial hearing on the statute of limitations defense. The court reasoned that the State would need to satisfy the court, by a preponderance of the evidence, that MacArthur was not a resident of the state of Wisconsin during the relevant time. However, the circuit court stated that if the defense were to raise the issue at trial, it "believes" the State's burden would elevate to beyond a reasonable doubt.

¶ 7. On June 8, 2006, MacArthur petitioned the court of appeals for leave to appeal the circuit court's non-final order.[6] The State cross-appealed the circuit court's order that required the State to prove beyond a reasonable doubt at trial that the public resident tolling provision was satisfied.[7] The court of appeals granted that petition on July 12, 2006, and subsequently certified the case to this court. Specifically, three issues were certified: First, "whether the statute of limitations for child sexual assault in effect when this crime was charged, Wis. Stat. § 939.74 (2005–06), applies to crimes committed before the enactment of Wis. Stat. ch. 948." Second, "whether the judge or the jury decides if the statute of limitations bars prosecution where the

---

[6] On June 6, 2006, MacArthur motioned the circuit court to stay the trial proceedings, but the result of that motion does not appear in the record before us.

[7] The State cross-appealed what it believed was the circuit court's "order" regarding the tolling issue if raised at trial. We question whether a trial court "order" existed with regard to tolling if raised at trial. Nonetheless, we provide guidance on this issue because the circuit court did render a decision on how the tolling provision would be addressed pretrial and at trial.

556

State argues that the statute of limitations has been tolled because the defendant left the State of Wisconsin." Third, "what burden of proof applies to resolving whether the statute of limitations has been tolled."

## II. STANDARD OF REVIEW

¶ 8. This case involves a determination of the appropriate statute of limitations as well as the interpretation and application of Wisconsin Statutes. *Hamilton v. Hamilton*, 2003 WI 50, ¶ 14, 261 Wis. 2d 458, 661 N.W.2d 832. While these matters present questions of law that we review de novo, we benefit from the analyses of the lower courts. *Id.*

## III. ANALYSIS

¶ 9. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. This court begins statutory interpretation with the language of a statute. *Id.*, ¶ 45. If the meaning of the statute is plain, we ordinarily stop the inquiry and give the language its "common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* Context and structure of a statute are important to the meaning of the statute. *Id.*, ¶ 46. "Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*

¶ 10. Between 1965 and 1972, Wis. Stat. § 939.74, "Time limitations on prosecutions," read:

> (1) Except as provided . . . , prosecution for a felony must be commenced within 6 years . . . after the commission thereof. . . .

> (2) Notwithstanding that the time limitation under sub. (1) has expired:

> (a) A prosecution for murder may be commenced at any time;

> (b) A prosecution for theft against one who obtained possession of the property lawfully and subsequently misappropriated it may be commenced within one year after discovery of the loss by the aggrieved party, but in no case shall this provision extend the time limitation in sub. (1) by more than 5 years.

> (3) In computing the time limited by this section, the time during which the actor was not publicly a resident within this state . . . shall not be included. . . .

Simply stated, under the 1965 through 1972 statutes, charges need to be filed within six years of the alleged felony unless the actor was not a public resident within this state. If the actor was not a public resident within the state, the limitations period is tolled for that time period.

¶ 11. In 1987, subsection (2)(c) was added to Wis. Stat. § 939.74. 1987 Wis. Act 332, § 27. Subsection (2)(c) provided the following:

> A prosecution for violation of s. 948.02, 948.03, 948.04, 948.05, 948.06 or 948.08 may be commenced within the time period specified in sub. (1) or by the time the victim reaches the age of 21 years, whichever is later.

1987 Wis. Act 332, § 65 states: "Initial applicability. This act applies to offenses occurring on or after the effective date of this SECTION, but does not preclude the counting of other violations as prior violations for sentencing a person." The effective date was July 1, 1989. 1987 Wis. Act 332, § 66a.

¶ 12. In 1993, subsection (2)(c) was amended in order to increase the age a victim might attain before a prosecution would be barred. 1993 Wis. Act 219, § 6. Subsection (2)(c) then provided:

> A prosecution for violation of s. 948.02, 948.03, 948.04, 948.05, 948.06, 948.07 or 948.08 shall be commenced before the victim reaches age 26 years, or be barred.

1993 Wis. Act 219, § 7 states: "Initial applicability. (1) The treatment of section 939.74(2)(c) of the statutes first applies to offenses not barred from prosecution on the effective date of this subsection." This particular language of "initial applicability" also appears in the 1997 and 2003 amendments.

¶ 13. In 1997, subsection (2)(c) was again amended to increase the victim's age. 1997 Wis. Act 237, § 722c. It read:

> A prosecution for violation of s. 948.02, 948.025, 948.03(2)(a), 948.05, 948.06, 948.07(1), (2), (3) or (4), 948.08 or 948.095 shall be commenced before the victim reaches the age of 31 years or be barred.

In 2003, subsection (2)(c) was again amended to increase the victim's age. 2003 Wis. Act 279, § 9. It read:

> A prosecution for violation of s. 948.02, 948.025, 948.03(2)(a), 948.05, 948.06, 948.07(1), (2), (3), or (4),

948.08, or 948.095 shall be commenced before the victim reaches the age of 45 years or be barred, except as provided in sub. (2d)(c).

¶ 14. Finally, in 2005, any restriction on a victim's age was removed if the defendant was charged with Wis. Stat. §§ 948.02(1) or 948.025(1)(a), but the 45 year age limit remained for some chapter 948 offenses. *See* 2005 Wis. Act 276, §§ 1, 2. However, the 2005 change does not apply to the case at hand because the statute's effective date was April 6, 2006, which is after the date MacArthur was charged. The parties do not argue whether this 2005 amendment applies to the case at hand.

A. Applicable version of Wis. Stat. § 939.74

¶ 15. MacArthur argues that the 2005–06 version of Wis. Stat. § 939.74(2)(c) applies in this case as a bar to the charges against him. He asserts that, assuming the State proves that the statute of limitations was tolled pursuant to Wis. Stat. § 939.74(3),[8] the charges do not survive because they are barred under the 2006 version of the § 939.74(2)(c). Relying on *State v. Haines*,[9] MacArthur argues that because he was not a public resident in the state between 1970 and 2004, the applicable statute of limitations becomes the amended version of § 939.74(2)(c), which became effective on May 1, 2004. He asserts that the amended statute applies as a bar to the prosecution because he was charged in January of 2006, after the May 2004 effective date, and the 2004 amendment barred prosecutions

---

[8] Subsection (3) of Wis. Stat. § 939.74 was not altered between 1965 and 2006 except to become gender neutral.

[9] *State v. Haines,* 2003 WI 39, 261 Wis. 2d 139, 661 N.W.2d 72.

for charges where the victim had attained 45 years of age. MacArthur argues that since the victims here were over age 45, the prosecutions under the 2006 statute are barred.

¶ 16. The State, on the other hand, citing to *State v. Hamilton*,[10] argues that when a statute of limitations is replaced or amended, a cause of action that has accrued[11] prior to the effective date of the new statute or amendment is governed by the prior statute unless the legislature specifically states otherwise. Specifically, it asserts that in enacting subsection (2)(c), the legislature specified that the section only applied to offenses that occurred on or after the effective date. It further asserts that the legislature specifically included chapter 948, but it did not so reference and include chapter 944. Thus, it argues that subsection (2)(c) does not apply.

¶ 17. We conclude that the 1965–1972 version of Wis. Stat. § 939.74 governs the case at issue because (1) here, the offenses allegedly occurred prior to the effective date of § 939.74(2)(c), which was July 1, 1989; and (2) the legislature did not include chapter 944 crimes in subsection (2)(c) of § 939.74 even though it specifically included chapter 948 crimes. Accordingly, neither the 1987 amendment to § 939.74, which created subsection (2)(c), nor any subsequent amendment to subsection (2)(c) applies to the case at hand.

---

[10] *State v. Hamilton*, 2002 WI App 89, ¶ 11, 253 Wis. 2d 805, 644 N.W.2d 243, *aff'd,* 2003 WI 50, 261 Wis. 2d 458, 661 N.W.2d 832.

[11] In a criminal case, a cause of action accrues and the statute of limitations begins when the crime is complete.

¶ 18. Wisconsin Stat. §§ 990.06 and 991.07[12] instruct that when a limitation period has been repealed and the repealing act provides for a new limitation period, "such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect" and the repealed act shall continue in force and be operative unless the repealing act specifically provides otherwise.

---

[12] Neither Wis. Stat. 990.06 nor 991.07 was altered between 1965 and 2006. Wisconsin Stat. 990.06, Repeal or change of law limiting time for bringing actions, provides:

> In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, *such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run* unless such repealing act shall otherwise expressly provide.

(Emphasis added.) Wisconsin Stat. § 991.07, "Statutes of limitation," provides:

> In any case when a limitation or period of time prescribed in any act which is hereby repealed for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, *the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run,* unless in special cases in these revised statutes a different rule shall be prescribed.

(Emphasis added.)

562

¶ 19. Applying Wis. Stat. §§ 990.06 and 991.07 to the case at hand, we conclude that Wis. Stat. § 939.74(2)(c) (1987–88) (effective July 1, 1989), does not apply to MacArthur. The causes of action here accrued between 1965 and 1972. The legislature did not specifically state that subsection (2)(c) should apply to causes of action that accrued prior to the July 1, 1989, effective date. In fact, the legislature specifically stated otherwise in 1987 Wis. Act 332, § 65, which provided that provisions created by Act 332—e.g., Wis. Stat. § 939.74(2)(c) —only applied to causes of action that accrued on or after the July 1, 1989, effective date. The legislature did, however, indicate that for the purposes of sentencing, other violations committed prior to the subsection (2)(c) effective date could be considered. 1987 Wis. Act 332, § 65.[13] Therefore, the legislature has shown that it is quite capable of designating when it intends prior offenses to be included in this context. Here, the legislature specifically considered the application of subsection (2)(c) in 1987, and it concluded that it should only apply prospectively. Quite obviously, the years between 1965 and 1972 are not within that prospective application.

¶ 20. MacArthur argues that subsection (2)(c) of the 2005–06 statutes applies to his case because the prosecution against him was not yet barred in 2006 due to the tolling provision in Wis. Stat. § 939.74(3) (1965–present). MacArthur reasons that post-1987 amendments[14] to subsection (2)(c) apply to causes of

---

[13] 1987 Wis. Act 332, § 65 provides in relevant part, "[t]his act applies to offenses occurring on or after the effective date of this SECTION, but does not preclude the counting of other violations as prior violations for sentencing a person."

[14] The 1993 amendment increased the age to 26, the 1997 amendment increased the age to 31, the 2003 amendment

action not yet barred rather than applying subsection (2)(c) only to those causes of action that accrued on or after July 1, 1989, as directed by the legislature when it created subsection (2)(c) in 1987.[15] However, MacArthur's argument that subsection (2)(c) should apply due to the post-1987 amendments to subsection (2)(c) is not persuasive.

¶ 21. First, absent clear direction that the legislature in effect "changed its mind" from 1987 to 1993 with regard to the applicability of subsection (2)(c), we will not construe such a change. In 1987, the legislature specifically stated that subsection (2)(c) only applied to those offenses occurring on or after July 1, 1989. The language in the subsequent amendments, which stated these amendments apply to offenses not yet barred, was meant to apply to offenses that subsection (2)(c) had not already barred.

¶ 22. We find nothing that indicates the legislature meant to change the initial applicability of subsection (2)(c) as it was articulated in 1987. Neither the text of the amended statutes, nor the text in the Laws of Wisconsin, nor the drafting records supports such a conclusion. In 1987, subsection (2)(c) was to apply

increased the age to 45, and the 2005 amendment removed any age limit. Each time, subsection (2)(c) was amended, it stated that it applied to prosecutions not yet barred. *See* 1993 Wis. Act 219, § 7; 1997 Wis. Act 237, § 9356(2d); 2003 Wis. Act 279, § 10(2).

[15] MacArthur relies on 1993 Wis. Act 219, § 7 for his argument. Section 7 states that the initial applicability of the amended Wis. Stat. § 939.74(2)(c), which extended the age from 21 to 26, "applies to offenses not barred from prosecution on the effective date of this subsection." Similar language appears in the session "Laws of Wisconsin" for each of the subsequent amendments. *See* 1993 Wis. Act 219, § 7; 1997 Wis. Act 237, § 9356(2d); 2003 Wis. Act 279, § 10(2).

prospectively, and this court will not presume that the 1993 amendment or subsequent amendments were intended to trump the legislature's 1987 directive without the legislature so specifically stating. We interpret the legislature's post-1987 directives to apply subsection (2)(c) to claims not yet barred to mean that Wis. Stat. § 939.74(2)(c), as amended in 1993, 1997, and 2003, applies to those offenses not yet barred by the previous version of subsection (2)(c). The statutory text simply does not support an alternative interpretation.

¶ 23. Second, MacArthur relies on *State v. Haines,* 2003 WI 39, 261 Wis. 2d 139, 661 N.W.2d 72, to support his argument, but *Haines* lends support to our conclusion rather than supporting MacArthur's argument. Additionally, it provides an example of how Wis. Stat. § 939.74(2)(c) (1987–present) should be utilized. In *Haines,* the alleged incident took place in 1992. *Haines,* 261 Wis. 2d 139, ¶ 3. The applicable statute of limitations at the time of the offense barred prosecution once the victim reached age 21. *Id.,* ¶ 4. However, between 1992 and July 24, 2000, when the defendant was charged, the statute of limitations was amended to bar prosecution once the victim was 26 years old, and it was amended again to age 31 years old. When charges were brought in 2000, the victim was 22 years old. *Id.* The court concluded that the amended statute of limitations applied because the prosecution was not yet barred when the amendment became effective. *Id.,* ¶ 8. In other words, a previous version of subsection (2)(c) did not bar the claim. Accordingly, the court of appeals applied the age 26 limitation rather than the age 21 limitation. *Id.*

¶ 24. *Haines* is not analogous to MacArthur's situation. In fact, it highlights critical factors that must be considered when determining how to apply Wis. Stat.

§ 939.74(2)(c) (1987–88) (effective July 1, 1989) and its subsequently amended versions. In *Haines,* unlike this case, the defendant was charged pursuant Wis. Stat. § 948.02(2) (1989–90), an included offense in § 939.74(2)(c), rather than the chapter 944 offenses charged here. In *Haines,* unlike this case, the alleged incident took place after the effective date of § 939.74(2)(c)—July 1, 1989—not prior to the effective date. *Haines* provides an example of how § 939.74(2)(c) (1987–present) should be applied. It, however, does not support MacArthur's argument.

¶ 25. Third, Wis. Stat. § 939.74(2)(c) (1987–present) does not apply to the case at hand because MacArthur is charged with Wis. Stat. §§ 944.10(1), 944.10(3), 944.11(1), and 944.11(2) (1966–67) rather than Wis. Stat. §§ 948.02, 948.03, 948.04, 948.05, 948.06 or 948.08. When subsection (2)(c) was created in 1987, it provided:

> A prosecution for violation of s. 948.02, 948.03, 948.04, 948.05, 948.06 or 948.08 may be commenced within the time period specified in sub. (1) or by the time the victim reaches the age of 21 years, whichever is later.

Wis. Stat. § 939.74(2)(c) (1987–88) (effective July 1, 1989).

¶ 26. In summary, by its plain language, no version of subsection (2)(c) applies to the chapter 944 charges from 1965–1972. The 1987 version of Wis. Stat. § 939.74 does not apply because it specifically stated that subsection (2)(c) was to apply only prospectively from July 1, 1989, and subsection (2)(c) listed only chapter 948 offenses, thus leaving out any mention of "predecessor statutes" to chapter 948. The 1993, 1997, and 2003 versions do not apply to the case at hand for

two reasons. First, the legislature has not specifically withdrawn the 1987 directive to apply subsection (2)(c) only prospectively. Second, the post-1987 amendments apply only to claims not yet barred by a previous version of subsection (2)(c). The 2005 version of Wis. Stat. § 939.74 does not apply because it became effective after MacArthur was charged with these offenses.

¶ 27. MacArthur, however, argues that even though Wis. Stat. § 939.74(2)(c) does not expressly include chapter 944 crimes, the sexual assault crimes of chapter 948 listed in § 939.74(2)(c) (1987–present) constructively includes chapter 944 offenses. MacArthur asserts that subsection (2)(c), which specifically references chapter 948 offenses, applies in this case because subsection (2)(c) also applies to chapter 944 offenses that are not time barred. We disagree because (1) the relevant chapter 944 crimes were repealed in 1975—well before chapter 948 was enacted—and (2) the relevant chapter 944 crimes have different elements than the chapter 948 crimes. As a result and because the legislature has not indicated otherwise, we conclude that § 939.74(2)(c) (1987–present), which lists chapter 948 offenses, does not constructively include the relevant chapter 944 offenses.

¶ 28. In 1975, the legislature "repealed" Wis. Stat. §§ 944.10 and 944.11. Section 8, ch. 184, Laws of 1975. The statutes were repealed; they were not "amended" or "renumbered and amended." *See, e.g.,* ch. 155, Laws of 1975 (stating an "An Act to renumber and amend . . . ; to amend . . . ; and to create . . ."). We find this persuasive evidence that chapter 948 does not constructively include the relevant chapter 944 offenses. Chapter 944 had been repealed for over two decades by the time chapter 948 was enacted.

¶ 29. Nonetheless, MacArthur argues that the term "repeal" is ambiguous and therefore we should look to the legislative history. We reject the argument that the word "repeal" is ambiguous. *See Milwaukee County v. Schmidt,* 38 Wis. 2d 131, 136–37, 156 N.W.2d 493 (1968) (stating "[o]f course [the legislature] intended the repeal. It expressly said it was repealing" and "a clear and plain declaration in the enacting clause that a statute is repealed must be given effect according to its terms").

¶ 30. Furthermore, legislative history does not advance MacArthur's argument. For example, MacArthur argues that the legislative history shows that a private attorney drafted the legislation that repealed Wis. Stat. §§ 944.10 and 944.11 and created Wis. Stat. § 940.225 (1975–76).[16] He further argues that "[w]hile the Legislative Reference Bureau obviously reviewed this first draft and the legislature put its stamp of approval on the final wording of the legislation, the drafting records show that explicit attention was given to the substance of the new legislation, not to words like 'repeal.' " This too, is not persuasive. We must assume that the legislature has reviewed the legislation and that it intends the words used be given their meaning. *See Ball v. District No. 4, Area Bd. of Vocational, Technical & Adult Educ.,* 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984) (stating that "[t]he more reasonable presumption is that the legislature chose its terms carefully and precisely to express its meaning"); *see also*

---

[16] Wisconsin Stat. § 940.225 was created in 1975. It created first degree, second degree, third degree and fourth degree sexual assault of minors. Section 5, ch. 184, Laws of 1975.

2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction* § 46.3 (7th ed. 2007).

¶ 31. Statutory interpretation would be chaotic if we cast aside a word such as "repeal" and assumed the legislature did not intend to use that word because it did not change that word from the original draft. We cannot assume that the legislature did not carefully consider its wording. MacArthur's argument is contrary to well respected principles of statutory interpretation.

¶ 32. Certainly, if the legislature intended chapter 948 to include offenses under the repealed chapter 944, it could specifically state such a directive. It did not. *Compare* Wis. Stat. § 980.01(6)(am) (2005–06) (providing an example of when the legislature intends to include previous, comparable offenses).[17]

¶ 33. MacArthur argues that if the chapter 944 (1965–72) offenses that he allegedly committed "were so thoroughly repealed by the 1975 legislature that they do not constructively survive in the present Wis. Stat. § 948.02," then this constitutes "specially and expressly" the intent by the legislature to "repeal" the statutes so that prosecution of him can no longer take place under these statutes. MacArthur relies on Wis. Stat. § 990.04 to support his argument. Section 990.04 provides in relevant part:

Actions pending not defeated by repeal of statute.

The repeal of a statute . . . . And criminal prosecutions and actions at law or in equity founded upon such

---

[17] Subsection (6)(am) of Wis. Stat. § 980.01 provides, " 'Sexually violent offense' means any of the following: . . . [a]n offense that, prior to June 2, 1994, was a crime under the law of this state and that is comparable to any crime specified in par. (a)."

repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force to the time of final judgment thereon, unless the offenses, penalties, forfeitures or rights of action on which such prosecutions or actions shall be founded shall be specially and expressly remitted, abrogated or done away with by such repealing statute.

¶ 34. MacArthur's argument, however, eviscerates Wis. Stat. § 990.04. *See Niesen v. State*, 30 Wis. 2d 490, 494, 141 N.W.2d 194 (1966) (stating that this statute is meant to prevent the mere repeal of a statute from defeating existing rights). The purpose of the statute is to ensure that repealed statutes survive unless those provisions are remitted, abrogated, or done away with. *Id.* at 493–94. If repeal were included within this group of exceptions—remitted, abrogated, or done away with —there would be no need for such a statute. While the legislature repealed chapter 944 offenses, it did not remit, abrogate, or do away with those offenses under the meaning of Wis. Stat. § 990.04. In this case, the underlying conduct—sexually abusing children—is still criminalized even though specific conduct is criminalized under different crimes. Accordingly, the legislature did not remit, abrogate, or do away with those offenses and MacArthur's argument fails.

¶ 35. Further support that chapter 948 does not constructively include the relevant chapter 944 crimes arises when we consider that the elements of Wis. Stat. §§ 944.10 and 944.11 differ from the elements in chapter 948 offenses.

570

¶ 36. For example, Wis. Stat. § 944.10(1) (1965–72), "Sexual intercourse with a child," under the age of 18, has two elements that differ from chapter 948 offenses. Namely, § 944.10(1) requires that the victim be a female who the defendant is not married to, and it requires that the victim be under the age of 18. *See* Wis. Stat. § 944.10(1) (1965–72); Wis JI—Criminal 1520 (1966). Wisconsin Stat. § 944.10(3), "Sexual assault of child," under the age of 12, contains three elements not present in chapter 948 offenses. Namely, the victim must be a female who the defendant is not married to, the defendant must be at least 18 years old, and the victim was under the age of 12. *See* Wis. Stat. § 944.10(3) (1965–72); Wis JI—Criminal 1522 (1966). In Wis. Stat. § 944.11(1), "Indecent behavior with a child," under the age of 16, one element included in the 1965–72 statutes is not found in the chapter 948 offenses. Namely, the defendant took indecent liberties with a victim. *See* Wis. Stat. § 944.11(1) (1965–72); Wis JI—Criminal 1525 (1966). Indecent liberties means, "such liberties as the common sense of society would regard as indecent and improper." Wis JI—Criminal 1525 (1966). Finally, Wis. Stat. § 944.11(2) (1965–72), "Indecent behavior with a child," under the age of 18, contains two elements not found in the chapter 948 offenses. Namely, the defendant took indecent liberties with a victim and the victim was under the age of 18 years old. *See* Wis. Stat. § 944.11(2) (1965–72); Wis JI—Criminal 1527 (1966).

¶ 37. Chapter 948 offenses simply do not contain the same elements listed in the previous paragraph. In 1987 when chapter 948 was created, the elements for sexual assault of a child were as follows: (1) sexual intercourse or sexual contact; (2) with a victim who had not attained the age of 13 to constitute first degree

sexual assault or a victim who had not attained the age of 16 to constitute second degree sexual assault; and (3) if the offense constitutes sexual contact, the defendant had the purpose of sexually arousing or gratifying the defendant or degrading or humiliating the victim.

¶ 38. Sexual assault of a child pursuant to Wis. Stat. § 948.02, neither in 1987 nor today, includes elements involving 16– or 17–year-old victims. The phrase "indecent liberties" is removed from the criminal code. The requirements that the victim be female and not the wife of the defendant are now removed from the criminal code. While the punishable underlying conduct is similar—sexually abusing children—nothing indicates that the legislature intended Wis. Stat. § 939.74(2)(c), which listed chapter 948, to "constructively" include chapter 944 offenses. Absent any evidence to support MacArthur's argument, we will not interpret § 939.74(2)(c) (1987–present) so that it constructively includes chapter 944 offenses.

¶ 39. MacArthur asserts that *In re Detention of Pharm*, 2000 WI App 167, 238 Wis. 2d 97, 617 N.W.2d 163, supports his argument that chapter 944 offenses are constructively included in Wis. Stat. 939.74(2)(c). MacArthur argues that because the court of appeals, in *Pharm*, concluded that a person convicted under Wis. Stat. § 944.11(3) (1973–74) can be committed as a "sexually violent person" under chapter 980 (1997–98), subsection (2)(c) of § 939.74 constructively includes chapter 944 (1965–72) offenses. Section 980.01(6) did not specifically identify chapter 944 offenses; rather it defined a "sexually violent offense" as:

(a) Any crime specified in s. 940.225(1) or (2), 948.02(1) or (2), 948.025, 948.06 or 948.07.

(b) Any crime specified in s. 940.01, 940.02, 940.05,

940.06, 940.19(4) or (5), 940.195(4) or (5), 940.30, 940.305, 940.31 or 943.10 that is determined, in a proceeding under s. 980.05(3)(b), to have been sexually motivated.

(c) Any solicitation, conspiracy or attempt to commit a crime under par. (a) or (b).

Wis. Stat. § 980.01(6) (1997–98).

¶ 40. MacArthur's argument that chapter 944 is "constructively included" fails to acknowledge *Pharm*'s discussion of Wis. Stat. § 980.13 (1997–98). Section 980.13 provided the following inclusive language: "Applicability. This chapter applies to a sexually violent person regardless of whether the person engaged in acts of sexual violence before, on or after June 2, 1994." As a result, the legislature specifically stated that in the context of chapter 980, sexually violent acts may be considered even if not specifically charged under chapter 948. Wisconsin Stat. § 939.74 contains no such directive.

¶ 41. In addition, the definition of a "sexually violent offense" provided in § 980.01(6) was subsequently amended to state: "[a]n offense that, prior to June 2, 1994, was a crime under the law of this state and that is comparable to any crime specified in par. (a)." *See* Wis. Stat. § 980.01(6)(am) (2005–06). Therefore, the legislature has specifically stated that child sexual abuse charged under non-chapter 948 offenses may be considered in the chapter 980 context. Wisconsin Stat. § 939.74 contains no such directive.

¶ 42. Even if we concluded that Wis. Stat. § 939.74(2)(c) (1987–present) constructively included the relevant chapter 944 offenses from 1965–72, that still would not satisfy the directives of Wis. Stat. §§ 990.06 and 991.07. When a statute of limitations is

replaced or amended, the prior statute governs any cause of action that has accrued prior to the effective date of the new statute or amendment unless the legislature, by virtue of the repealing act, expressly provides otherwise. Wis. Stat. §§ 990.06 and 991.07. How is this directive to be satisfied if the amended statute, Wis. Stat. § 939.74(2)(c) (1987–present), does not state something to the effect that "predecessor" statutes to chapter 948 are included or conduct prior to the effective date of the new statute is included. Nothing indicates that when the legislature created subsection (2)(c) in 1987, it meant to include Wis. Stat. §§ 944.10 and 944.11 (1965–72) when it plainly stated that "[a] prosecution for violation of s. 948.02, 948.03, 948.04, 948.05, 948.06 or 948.08 may be commenced" until the victim reaches the age of 21 years.

¶ 43. To satisfy the directives of Wis. Stat. §§ 990.06 and 991.07, the legislature would need to indicate specifically that Wis. Stat. § 939.74(2)(c) applies to more than just chapter 948 offenses or that subsection (2)(c) applies to conduct that occurred prior to the effective date of July 1, 1989. In this case, the legislature did the opposite; it stated that § 939.74(2)(c) (1987–88) applied only to offenses committed on or after July 1, 1989.

¶ 44. Although MacArthur failed to argue the following to the courts below, he now asserts that the prosecution against him is barred because all victims were greater than 26 years of age on April 22, 1994, which was the effective date of the amended subsection (2)(c) that changed the maximum age from 21 years to 26 years. However, MacArthur's argument fails for the same reasons it fails with respect to the 2006 provision. This is a statute of limitations not a statute of repose. The tolling provision halted the running of Wis. Stat.

§ 939.74(1). The prosecutions for the 1965–72 chapter 944 crimes were not barred in 1994. These crimes did not somehow convert into chapter 948 offenses so as to fall under that statute of limitations. MacArthur's argument defeats the purpose of the tolling provision and the language of the statutes. He would not be making this argument if the six-year limitation period applied because MacArthur was a public resident of the state. The application that MacArthur urges us to adopt removes any deterrent effect that subsection (3) could have on fleeing felons. Furthermore, it rewards a defendant who does flee. Section 939.74(1) did not expire in 1994.

¶ 45. Lastly, MacArthur argues that even if subsection (2)(c) does not prohibit the prosecution, the due process clause bars MacArthur's prosecution. We reject this argument because to constitute a due process violation, MacArthur must make two showings: (1) actual prejudice as a result of delay; and (2) the delay arose out of an improper purpose, which would give the State a tactical advantage over the defendant. *State v. Dabney*, 2003 WI App 108, ¶ 30, 264 Wis. 2d 843, 663 N.W.2d 366. MacArthur acknowledges that he cannot satisfy his burden and show that the State delayed the prosecution for improper reasons. Thus, his argument fails.

¶ 46. No version of Wis. Stat. § 939.74(2)(c) applies to the case at hand. When subsection (2)(c) was created in 1987, it only applied prospectively. As stated previously, the subsequent amendments do not change this conclusion because they do not change the initial applicability of subsection (2)(c). Rather, the language in the subsequent amendments, which stated these

575

amendments apply to offenses not yet barred, was clearly meant to apply to offenses that subsection (2)(c) had not already barred.

## B. Tolling provision

¶ 47. This court must now address whether the judge or the jury decides questions under the tolling provision in Wis. Stat. § 939.74(3). In addition, we must determine the requisite burden of proof that applies to such an issue: preponderance of the evidence or beyond a reasonable doubt.

¶ 48. MacArthur argues that at a pretrial proceeding, the circuit court should decide whether the State's evidence on tolling is strong enough to convince a jury beyond a reasonable doubt that the defendant was no longer a public resident in Wisconsin while the statute of limitations was still running. MacArthur further argues that if the circuit court concludes that the State has met its burden prior to trial, the case may proceed to trial where the jury should be given a special verdict question on the public resident tolling provision. The State, on the other hand, encourages this court to adopt the procedure applied by federal courts to the analogous tolling provision in 18 U.S.C. § 3290, "Fugitives from justice."[18] We reject MacArthur's arguments and adopt an approach consistent with the federal courts.

¶ 49. "While the trier of fact must be convinced beyond a reasonable doubt that the defendant's crime was committed within the applicable statute of limita-

---

[18] 18 U.S.C. § 3290, "Fugitives from justice," provides, "No statute of limitations shall extend to any person fleeing from justice."

tions, it is for the [circuit] court to determine by a preponderance of the evidence whether certain facts (e.g., the defendant's [status as a public resident within this state]) have affected what the time limit is." 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 18.5(a), 189 (3d ed. 2007) (citing *United States v. Salmonese,* 352 F.3d 608 (2d Cir. 2003); *United States v. Florez,* 447 F.3d 145 (2d Cir. 2006); *United States v. Greever,* 134 F.3d 777 (6th Cir. 1998); *United States v. Marshall,* 856 F.2d 896 (7th Cir. 1988); *United States v. Gonsalves,* 675 F.2d 1050 (9th Cir. 1982).

¶ 50. Our approach to tolling is guided by *United States v. Florez,* a Second Circuit Court of Appeals opinion that articulated the requisite burden of proof and standard of review for the federal tolling provision. *Florez,* 447 F.3d at 149–50. In *Florez,* the following protocol was set forth: After the defendant makes a statute of limitations challenge, the State bears the burden of showing, at a pretrial proceeding, that Wis. Stat. § 939.74(3) has been satisfied by a preponderance of the evidence. However, at trial, the jury must determine the date or date range of the charged offense beyond a reasonable doubt. This can be accomplished by the general verdict's language or when appropriate with a special verdict. If the date found by the jury creates a bar against prosecution because of the statute of limitations and the court's pretrial findings regarding tolling, the court must then rule accordingly on the issue.

¶ 51. This approach is supported for a number of reasons. Under this approach, the issue is then decided prior to trial, which prevents an untimely prosecution. Moreover, it allows the State the opportunity to appeal the court's decision on this jurisdictional issue. As a

practical matter, this is an issue which is typically known and addressed early on in litigation. Furthermore, the fact that a defendant was not a public resident for some period of time is not determinative of guilt and not an element of the crime charged. Rather, it is a fact that determines whether the law tolls a statute of limitations. Therefore, the State need not prove a defendant's status as a public resident beyond a reasonable doubt. Finally, compliance with a statute of limitation is required for the court to have personal jurisdiction over the defendant, and jurisdiction is typically a question of law for the trial court to decide.

■

¶ 52. On appellate review, a circuit court's tolling decision under Wis. Stat. § 939.74(3) should be subject to the following standard: Appellate courts should review the circuit court's findings of fact relevant to the application of Wis. Stat. § 939.74(3) only for an erroneous exercise of discretion, and this court reviews de novo the circuit court's legal conclusion that these facts establish tolling as specified by the statute. *See Florez,* 447 F.3d at 150.

## IV. CONCLUSION

¶ 53. Accordingly, we affirm, and the cause is remanded for proceedings consistent with this opinion. We conclude, as did the circuit court, that the applicable version of Wis. Stat. § 939.74 is the version that existed between 1965 and 1972. With regard to the public resident tolling provision in § 939.74(3), we adopt an approach consistent with the federal court's approach to the tolling provision in 18 U.S.C. § 3290. Therefore, we conclude that the circuit judge decides the tolling issue in a pretrial proceeding wherein the State must

578

prove that MacArthur was not a public resident by a preponderance of the evidence.

*By the Court.*—The order of the circuit court is affirmed, and the cause remanded.

¶ 54. DAVID T. PROSSER, J., did not participate.

¶ 55. ANN WALSH BRADLEY, J. (*concurring*). I join the majority because the text of the statutes upon which it relies support its conclusion. I write separately, however, for two reasons: (1) I am concerned about the ramifications of the majority's interpretation, and (2) I remain uncertain if its interpretation correctly reflects the intent of the legislature.

¶ 56. The majority adopts the position advanced by the State. At oral argument the State acknowledged that the ramifications of its position extend well beyond cases involving the prosecution of child sexual assaults. They extend to all criminal cases involving statute of limitations questions. Although I am unsure how the majority's decision will play out in the context of other criminal cases, I will confine my discussion to how it may affect other child sexual assault cases.

¶ 57. I am concerned that in an effort to save this prosecution, the State (and thus the majority) is actually undermining the prosecution of other child sexual assault cases. Let me explain.

¶ 58. The legislature recognized the need to expand the time period of the statute of limitations because often child sexual assaults are not reported until many years after the offense. Even though the legislature has consistently expanded the time, the majority's interpretation is going to leave many child sexual assaults with a very limited time for prosecution.

¶ 59. The State advocates, and the majority adopts, a bright-line rule. For all prosecutions of child

sexual assaults that occur prior to July 1, 1989, a six-year statute of limitations begins to run from the date of the commission of the charged offense.[1] At the end of the six-year period, the prosecutions are barred forever. Simple enough. But what are the ramifications of this statutory interpretation?

¶ 60. Consider the case of a four-year-old who is sexually assaulted on June 30, 1989, but who does not report it until 2005, when he is 20 years old. Under the majority's interpretation the statute of limitations would expire on June 30, 1995, when the victim is ten years old. Period. The same six-year bar for prosecutions would apply to probably countless child sexual assaults that occurred in the 1970s and 1980s that were not reported at the time of the offense.

¶ 61. Was it the intent of the legislature to bar the prosecution of the above described June 1989 offense (and all of those other prosecutions) while at the same time consistently extending the statute of limitations? In 1987, effective July 1, 1989, the legislature recognized that the period of limitations for child sexual assault cases should extend at least to the time the victim turns 21.

¶ 62. Subsequent amendments to § 939.74(2)(c) extended the period of limitations even further. In 1993, for example, the legislature determined that the violations could be commenced until the victim turned 26.[2]

---

[1] The majority concludes that the applicable statute of limitations is set forth in the version of § 939.74 in effect in December 1988. *See* majority op., ¶¶ 10–11. That statute provides "prosecution for a felony must be commenced within 6 years . . . ." Wis. Stat. § 939.74(1) (1985–86).

[2] 1993 Wis. Act 219, § 6; *see* majority op., ¶ 12.

The age was raised again in 1997, 2003, and 2005.[3] The most recent version of § 939.74 provides that prosecutions under § 948.02(1), first degree sexual assault of a child, "may be commenced at any time." Wis. Stat. § 939.74(2)(a) (2005–06). It also provides that prosecutions under § 948.02(2), second degree sexual assault of a child, "shall be commenced before the victim reaches the age of 45 years or be barred." *Id.*

¶ 63. According to the majority, a sexual assault of a child committed June 30, 1989, must be prosecuted by 1995 or be barred. In contrast, a sexual assault of a child committed just one year later in 1990 may be prosecuted until the victim turns 45, or without time limitation, depending on the crime charged. It seems unlikely that the legislature intended such wildly different outcomes based on small differences as to when sexual assaults of children take place.

¶ 64. The legislature has paid a great deal of attention to the period of limitations for child sexual assault prosecutions. It has consistently expanded that period, accounting for the fact that such assaults are often reported years after they occur. The majority's interpretation, however, indicates that the legislature intended to expand the period for assaults that took place after July 1, 1989, while at the same time strictly limiting the periods for assaults that took place before that date. It also indicates that the legislature intended dramatically different outcomes based on small differences in when an assault was committed. I am uncertain whether such results were actually intended by the legislature.

---

[3] 1997 Wis. Act 237; 2003 Wis. Act 279, § 9; 2005 Wis. Act 276, §§ 1, 2; *see* majority op., ¶¶ 13–14.

¶ 65. Nonetheless, I join the majority because the text of the statutes upon which it relies support its interpretation. As the majority explains, under Wis. Stat. §§ 990.06 and 991.07, when the legislature replaces or amends a statute of limitations, the prior statute applies to any cause of action that accrues before the effective date of the new statute or amendment, unless the legislature provides otherwise. Majority op., ¶ 42. There is no express provision in any of the legislation amending § 939.74 indicating that the amendments apply to the chapter 944 offenses with which MacArthur has been charged. Thus, the majority concludes that the applicable statute of limitations is the one in effect on the date of the charged crime: six years.

¶ 66. For the reasons set forth, I respectfully concur.