Argued and submitted June 13, affirmed November 19, 2008, petition for review denied March 4, 2009 (346 Or 65)

RAFFERTY & TOWNER, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

NJS ENTERPRISES, LLC,
an Oregon corporation;
Roger Staich;
and Dayna Bolera,
*Defendants,*

*and*

BENGIO CORPORATION,
a Florida corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
051212518; A134851

197 P3d 55

David C. Landis argued the cause for appellant. On the briefs were Mark E. Griffin and Griffin & McCandlish.

Montgomery W. Cobb argued the cause for respondent. With him on the brief was Cobb & Bosse, LLP.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff Rafferty & Towner, an Oregon corporation, brought this claim against defendant Bengio Corporation, a Florida corporation, under the Uniform Fraudulent Transfer Act, ORS 95.200 to 95.310, asserting that plaintiff's judgment debtor, Wallbangers Oregon, Inc., fraudulently transferred real property to defendant. Plaintiff appeals from a limited judgment dismissing the claim, assigning error to the trial court's granting of defendant's motion for summary judgment and to the denial of plaintiff's motion to amend the complaint to add a new claim. We conclude that we lack jurisdiction to consider the denial of plaintiff's motion, which was not expressly addressed in the limited judgment.[1] In reviewing the trial court's ruling on summary judgment, we view the record in the light most favorable to plaintiff, the party opposing the motion, to determine whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law, ORCP 47 C; *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001); *Jones v. General Motors Corp.*, 325 Or 404, 407-08, 939 P2d 608 (1997), and affirm.

Cristina and Van Walraven owned Wallbangers Oregon, Inc. Wallbangers became indebted to plaintiff for business consulting services performed in 2002 and 2003. In 2005, plaintiff obtained a judgment against Wallbangers. This action, brought pursuant to ORS 95.260,[2] comes on the heels of plaintiff's failed attempt to collect on the judgment. Plaintiff asserted in its complaint that, in an effort to avoid its debt to plaintiff, Wallbangers violated ORS 95.240(1) when it transferred property to defendant "[w]ithout receiving a reasonably equivalent value in exchange for the transfer" and "becam[e] insolvent as a result of the transfer." Plaintiff brought this action to have the transfer set aside so that its judgment could be satisfied. The trial court granted

---

[1] We note that a general judgment has been entered in the case and that an appeal is pending (CA A137331).

[2] ORS 95.260 sets forth the relief that a creditor may obtain against a transfer made in violation of ORS 95.240 and includes "[a]voidance of the transfer * * * to the extent necessary to satisfy the creditor's claim."

defendant's motion for summary judgment and entered a limited judgment for defendant.

On appeal, plaintiff contends that the record on summary judgment gives rise to a question of fact as to whether defendant received a fraudulent transfer from Wallbangers. Defendant is a corporation owned by Cristina Walraven's mother; its sole asset is a condominium in Miami. Plaintiff offered evidence that, for two and one-half years and during the time that plaintiff was providing services to Wallbangers, Cristina was an officer of defendant. Plaintiff believed, based on Cristina's representations during that time, that Cristina owned an interest in the Miami condominium and that she intended to convey it to Wallbangers in order to provide capitalization to Wallbangers. Based on Cristina's representations that she had begun to take action to transfer title of the condominium to Wallbangers, plaintiff advised the Walravens to include the value of the condominium on Wallbangers's financial statements. They did so. In August 2003, the Walravens signed financial statements, created for purposes of securing credit and Oregon Liquor Control licensing for Wallbangers night clubs, stating that Wallbangers owned "intangible assets" of over $500,000. The Walravens told plaintiff that the "intangible assets" represented the value of the Miami property. Despite Cristina's representations to plaintiff that she had transferred her interest in the Miami property to Wallbangers, Wallbangers did not list the property as an asset on its 2003 federal tax return.

From that evidence, plaintiff asserts, a factfinder could infer that Cristina had acquired an interest in the Miami condominium, that she had transferred that interest to Wallbangers, and that Wallbangers in turn transferred the property to defendant for the purpose of sheltering the property from Wallbangers's creditors without consideration, in violation of ORS 95.240.

■  Defendant asserts that most of the evidence that plaintiff has offered in support of its claim is inadmissible hearsay. We need not address that argument, however. ORS 95.250 provides that "[a] transfer is not made until the debtor has acquired rights in the asset." Assuming, without deciding, that plaintiff's evidence could be some evidence that

Cristina planned for Wallbangers to acquire an interest in the Miami property, there is no evidence that such a transaction ever occurred. ORS 93.020(1) provides that "[n]o estate or interest in real property * * * can be created, transferred, or declared otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring it[.]" There is no evidence of a writing, recorded or unrecorded, purporting to grant Wallbangers an interest in the Miami property. We reject plaintiff's contention that the requirement for a writing is excused by part performance. There is no evidence that is "clear, certain, and unambiguous" showing that there was an agreement by defendant to transfer the property to Wallbangers. *See Mukai Living Trust v. Lopez,* 199 Or App 341, 345, 111 P3d 1150 (2005). Thus, plaintiff has failed to produce evidence sufficient to carry its burden of proof. For that reason, plaintiff's claim fails as a matter of law and defendant is entitled to summary judgment.

■      As previously noted, plaintiff also contends that the trial court abused its discretion in denying plaintiff's motion to amend its complaint to allege a claim for common-law fraud. Because this appeal is from the limited judgment dismissing the claim against defendant as stated in plaintiff's first amended complaint and the judgment makes no mention of that ruling, we lack jurisdiction to consider that issue.

Affirmed.