Argued and submitted April 9, award of attorney fees reversed; award of enhanced prevailing party fee vacated and remanded; otherwise affirmed May 12, petition for review denied October 7, 2010 (349 Or 171)

RAFFERTY & TOWNER, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

NJS ENTERPRISES, LLC,
an Oregon corporation;
Roger Staich;
and Dayna Bolera,
*Defendants,*

*and*

BENGIO CORPORATION,
a Florida corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
051212518; A137331

230 P3d 984

David C. Landis argued the cause and filed the brief for appellant.

Montgomery W. Cobb argued the cause for respondent. With him on the brief was Cobb & Bosse, LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

In the litigation that precipitated this case, plaintiff obtained a judgment against a company called Wallbangers Oregon, Inc., but could not collect on the judgment. According to plaintiff, Wallbangers evaded its obligation to pay the judgment by engaging in a fraudulent transfer of its major asset, an interest in a condominium. Plaintiff filed this action against defendant Bengio Corporation on the theory that Bengio was the recipient of the fraudulent transfer. Plaintiff initially brought a claim under the Uniform Fraudulent Transfer Act (UFTA), ORS 95.200 - 95.310, and later moved to amend its complaint to add a common-law fraud claim. Defendant moved for summary judgment on the statutory fraudulent transfer claim and opposed the motion to amend the complaint. The trial court granted defendant's motion for summary judgment, denied plaintiff's motion to amend, and entered a limited judgment dismissing defendant from the action.[1] The trial court subsequently awarded defendant its attorney fees ($67,270) and an enhanced prevailing party fee ($3,000) on the ground that plaintiff had "no objectively reasonable basis" for asserting its fraudulent transfer claim. ORS 20.105; ORS 20.190.

Plaintiff separately appealed the limited judgment and the judgment for attorney fees, and the two appeals proceeded independently. The appeal of the limited judgment proceeded first (Case No. A134851), with plaintiff contending that the trial court erred in granting summary judgment and in denying the motion to amend. This court rejected the former argument on the merits and concluded that it was without jurisdiction to consider the latter. *Rafferty & Towner, Inc. v. NJS Enterprises, LLC*, 224 Or App 51, 197 P3d 55 (2008), *rev den*, 346 Or 65 (2009).

Defendant, the prevailing party in Case No. A134851, then petitioned this court for attorney fees. As it did in the trial court, defendant sought attorney fees for the appeal under ORS 20.105, which authorizes an award of attorney fees "upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim,

---

[1] Plaintiff's claims against other defendants were separately dismissed.

defense or ground for appeal." This court, by order, denied defendant's petition for fees, concluding that plaintiff's arguments on appeal were not without an objectively reasonable basis.[2] Defendant sought, and was denied, Supreme Court review of our order denying the fee petition. *Rafferty & Towner, Inc. v. NJS Enterprises, LLC*, 347 Or 42, 217 P3d 688 (2009).

■    Meanwhile, plaintiff pursued this appeal of the trial court's award of attorney fees and an enhanced prevailing party fee—the matter now before us (Case No. A137331). In this appeal, plaintiff argues that its fraudulent transfer claim had an objectively reasonable basis and that the trial court erred in concluding otherwise. The question before us, although in a slightly different posture, does not differ meaningfully from the issue that we decided against defendant in denying its petition for appellate attorney fees in Case No. A134851; the arguments plaintiff made below and on appeal in support of its claim were the same—that is, the basis for plaintiff's appeal of the dismissal of its fraudulent transfer claim was no more or less objectively reasonable than plaintiff's basis for asserting that claim in the first place. Indeed, defendant acknowledged as much in its petition for Supreme Court review of our order in Case No. A134851:

> "The issues are similar to, and overlap, the issues pending in Court of Appeals Case No. A137331, Plaintiff's appeal of the Circuit Court's Supplemental Judgment awarding fees in this case. The distinction between the issues presented by this Petition and those presented in Court of Appeals

---

[2] In that order, we stated:

"The remaining statutes to be considered are ORS 20.105 and ORS 20.075. As relevant here, ORS 20.105(1) authorizes the court to award attorney fees 'upon a finding by the court * * * that there was no objectively reasonable basis for asserting the * * * ground for appeal.' This is not a case where plaintiff maintained this appeal in the face of well-established law. Losing an appeal does not mean that there was no objectively reasonable basis for the appeal. *See Benaman v. Andrews*, 213 Or App 467, 478, 162 P3d 280 (2007) (an award of attorney fees is not appropriate where the respondent lost on appeal because personal motivation to appeal is not relevant). Based on the record and the parties' arguments, we cannot find that there was not a[n] objectively reasonable basis for asserting the arguments raised on appeal. We need not consider ORS 20.075 because that statute lists the factors to be considered in determining the amount of attorney fees awarded and we conclude that [defendant] is not entitled to any attorney fees for prevailing on appeal."

Case No. 137331 is that the fees awarded in the Circuit Court were based in part on conduct in that Court which did not occur in the appellate courts. *However, the ORS 20.105 questions surrounding the objective reasonableness of the claim are the same in all courts.*"

(Emphasis added.) We agree with defendant. The issues regarding the objective reasonableness of plaintiff's fraudulent transfer claim are the same as the issues that we have previously considered. Moreover, a prolonged discussion of those issues would not, at this point, benefit the bench, the bar, or the public. Suffice it to say that plaintiff's UFTA claim rested, at bottom, on an extremely weak but not completely untenable interpretation of various rules of evidence. Therefore we now reach a conclusion similar to the one that we reached earlier: Plaintiff's fraudulent transfer claim was not without an objectively reasonable basis. Accordingly, we reverse the trial court's award of attorney fees.

■       As previously noted, the trial court also awarded defendant an enhanced prevailing party fee under ORS 20.190. That enhanced fee was based, in part, on the court's conclusion that plaintiff's fraudulent transfer claim was "objectively unreasonable." *See* ORS 20.190(3) (setting forth a number of factors to be considered in awarding an enhanced prevailing party fee, including "[t]he objective reasonableness of the claims and defenses asserted by the parties"). Given our conclusion that plaintiff's claim did *not* lack an objectively reasonable basis, we vacate the award of an enhanced prevailing party fee and remand for the trial court to reconsider that award in that light.

■       In addition to its fee-related assignments of error in the present appeal, plaintiff again assigns error to the court's denial of its motion to amend its complaint, which it contends is now properly before us. *See Rafferty & Towner, Inc.*, 224 Or App at 53 n 1 (concluding that the court lacked jurisdiction to consider the denial of a motion to amend that was not expressly addressed in the limited judgment, but noting that a general judgment had been entered and separately appealed). Plaintiff argues that the denial of its motion was an abuse of discretion. We reject that assignment of error without discussion.

Award of attorney fees reversed; award of enhanced prevailing party fee vacated and remanded; otherwise affirmed.