Argued and submitted June 9, reversed and remanded with instructions to enter judgment allowing post-conviction relief November 17, 2010, petition for review denied April 7, 2011 (350 Or 230)

## MICHAEL CHARLES LAMB,
*Petitioner-Appellant,*

*v.*

## Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV080025; A140795

243 P3d 139

Andrew S. Chilton argued the cause for appellant. With him on the brief was Chilton & Galli, LLC.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that the post-conviction court erred in concluding that his criminal trial counsel was not constitutionally inadequate because of counsel's failure to raise a statute of limitations defense to one of the charges against him. We conclude that petitioner is correct and reverse and remand.

The relevant facts are not in dispute. On November 10, 2005, petitioner was charged with two counts of sexual abuse in the first degree, ORS 163.427, and one count of attempted rape in the first degree, ORS 161.405(2)(b) and ORS 163.375, for sexually abusing his girlfriend's daughter who was approximately eight or nine years old at that time. All three charges are Class B felonies. The indictment alleged that the abuse occurred sometime between October 1, 1998 and November 30, 1999, approximately six to seven years before the victim's report of the offenses in 2005. Criminal trial counsel did not assert a statute of limitations defense. Following a trial to the court, petitioner was found guilty on all three charges.

Petitioner initiated this action for post-conviction relief, asserting that he was denied adequate and effective assistance of criminal trial counsel under the state and federal constitutions because counsel failed to raise a statute of limitations defense to the charge of attempted rape in the first degree; he does not claim post-conviction relief as to the other convictions. Petitioner argued that, because there is no statute of limitations that specifically applies to the offense of attempted rape, the statute of limitations that generally applies to Class B felonies comes into play. Because the limitation period for Class B felonies is three years, petitioner argued, his criminal trial counsel should have asserted a statute of limitations defense. The state responded that, although petitioner ultimately may be correct about the applicability of the three-year statute of limitations, it was not unreasonable of criminal trial counsel to have failed to assert the statute of limitations defense.

The post-conviction court denied relief, and petitioner appeals, reprising his argument that his criminal trial

counsel was constitutionally inadequate and ineffective because of his failure to assert a statute of limitations defense to the attempted rape charge. In response, the state also reprises its contention that criminal trial counsel reasonably concluded that the three-year statute of limitations did not apply. According to the state, counsel could reasonably have concluded that the significantly longer statute of limitations for sex crimes against children applies to attempt offenses. The state concedes that nothing in the statute expressly says that. Nevertheless, it asserts that a reasonable argument can be made that the longer statute of limitations applies.

We review a judgment denying post-conviction relief for errors of law appearing in the record. ORS 138.220. Because we decide this case under Article I, section 11, of the Oregon Constitution, we need not address petitioner's argument under the Sixth Amendment to the United States Constitution. *Lichau v. Baldwin*, 333 Or 350, 365 n 3, 39 P3d 851 (2002).

To prevail on a post-conviction claim for inadequate assistance of counsel under Article I, section 11, a petitioner must prove, by a preponderance of the evidence, facts demonstrating that counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). As to the first part of the test, "[i]f a lawyer exercising reasonable professional skill would have recognized the existence of an issue and would have concluded under the circumstances that the benefits of raising it outweighed the risks of doing so, failing to raise the issue may constitute inadequate assistance." *Krieg v. Belleque*, 221 Or App 36, 40, 188 P3d 413 (2008). As to the second part of the test, "a petitioner must show that his or her trial counsel's deficiency had a tendency to affect the verdict." *Short v. Hill*, 195 Or App 723, 729, 99 P3d 311 (2004), *rev den*, 338 Or 374 (2005).

We begin our analysis with the question whether petitioner's trial counsel exercised reasonable professional skill and judgment. As we have noted, petitioner argues that his criminal trial counsel failed to do so by failing to raise a statute of limitations defense to the charge of attempted rape

in the first degree. According to petitioner, under ORS 131.125(6), unless otherwise "expressly provided by law," prosecutions for a felony must commence within three years of the commission of the act. In this case, he argues, attempted rape is a felony, and no other statute of limitations is "expressly provided by law." It necessarily follows, he deduces, that the three-year statute of limitations applies, and criminal trial counsel failed to exercise reasonable professional skill and judgment in failing to assert the statute as a defense.

The state responds that there is a statute that, at least arguably, "expressly provide[s] by law" a longer statute of limitations, rendering the three-year limitation period of ORS 131.125(6) inapplicable. According to the state, ORS 131.125(2)(d) extends the statute of limitations for rape in the first degree to six years after "the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 30 years of age or within 12 years after the offense is reported * * *." The state acknowledges that, in this case, petitioner was not charged with rape in the first degree, but rather with *attempted* rape in the first degree, and that, strictly speaking, ORS 131.125(2)(d) says nothing about a statute of limitations for attempt offenses. Still, the state insists, it was at least reasonable for criminal trial counsel to conclude that the extended statute of limitations applies to this case. Certainly, the state points out, at the time of the criminal trial, there was no appellate decisional law to the contrary.

The state's argument is premised on a misunderstanding of the applicable standard. The question is not whether the law is sufficiently unsettled that criminal trial counsel's interpretation of it could be regarded as reasonable. As the Oregon Supreme Court explained in *Burdge v. Palmateer*, 338 Or 490, 500, 112 P3d 320 (2005):

"The correct standard is whether counsel exercised reasonable professional skill and judgment. Even if the meaning of a statute remains unsettled, the statute may so obviously offer possible benefits to a defendant that any lawyer exercising reasonable professional skill and judgment would raise it."

In this case, given the obvious possible benefits of asserting the applicability of the three-year statute of limitations provided in ORS 131.125(6)—dismissal of the charge, with no negative strategic impact on the defense of the other charges—we agree with petitioner that an attorney exercising reasonable professional skill and judgment would have moved to dismiss the attempted rape charge based on that statute. Its plain language provides that the three-year limitation period applies unless "expressly provided by law." Although, as the state points out, ORS 131.125(2)(d) provides for an extended statute of limitations for rape in the first degree, petitioner was only charged with *attempted* rape in the first degree. The obvious argument for counsel exercising reasonable professional skill and judgment is that, because ORS 131.125(2)(d) does not *expressly* refer to attempt offenses, it simply does not apply.

We turn, then, to the question whether petitioner demonstrated prejudice. In this context, that requires us to determine whether a motion to dismiss on statute of limitations grounds would have been successful. *Warren v. Baldwin*, 140 Or App 318, 322, 915 P2d 1016, *rev den*, 324 Or 229 (1996). In this case, petitioner contends that, because no other statute of limitations expressly applies to the charge of attempted rape, the felony three-year limitation period of ORS 131.125(6) applies. Because the charge in this case was brought more than six years after the commission of the offense, petitioner concludes, a motion to dismiss on statute of limitations grounds would have been successful.

The state responds that, although it is true that no other statute of limitations "expressly" applies, we should conclude that the longer limitation period provided in ORS 131.125(2)(d) applies. According to the state, the statute applies to the offense of "rape in the first degree," and that phrase is capable of meaning both the completed offense and an attempt.

Resolving that issue is a question of statutory construction, which requires an examination of the text of the statute in context, along with any relevant legislative history, and, if necessary, relevant canons of statutory construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042

(2009). As we have noted, the text of ORS 131.125(6) provides a three-year statute of limitations for felonies unless otherwise "expressly provided by law." It is undisputed that, because the offense with which petitioner was charged—attempted first-degree rape—is a Class B felony, the three-year statute applies unless another statute of limitations is "expressly provided by law" for that offense.

In this case, the state asserts that the longer limitation period set out in ORS 131.125(2) is such a statute of limitations. We turn, then, to the text of that statute, which provides, in part:

"A prosecution for any of the following felonies may be commenced within six years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 30 years of age or within 12 years after the offense is reported to a law enforcement agency or the Department of Human Services, whichever occurs first:

"(a)    Criminal mistreatment in the first degree under ORS 163.205.

"(b)    Rape in the third degree under ORS 163.355.

"(c)    Rape in the second degree under ORS 163.365.

"(d)    Rape in the first degree under ORS 163.375.

"(e)    Sodomy in the third degree under ORS 163.385.

"(f)    Sodomy in the second degree under ORS 163.395.

"(g)    Sodomy in the first degree under ORS 163.405.

"(h)    Unlawful sexual penetration in the second degree under ORS 163.408.

"(i)    Unlawful sexual penetration in the first degree under ORS 163.411.

"(j)    Sexual abuse in the second degree under ORS 163.425.

"(k)    Sexual abuse in the first degree under ORS 163.427.

"(L)    Using a child in a display of sexual conduct under ORS 163.670.

"(m) Encouraging child sexual abuse in the first degree under ORS 163.684.

"(n) Incest under ORS 163.525.

"(o) Promoting prostitution under ORS 167.012.

"(p) Compelling prostitution under ORS 167.017.

"(q) Luring a minor under ORS 167.057."

At the outset, we observe that the list of offenses to which the extended statute applies is fairly long. Included in the list are rape in the first, second, and third degrees. Not included, however, is any mention of *attempted* rape. The natural inference is that, if the legislature had intended to include attempted rape, it easily could have done so. Particularly in light of the requirement of ORS 131.125(6) that an alternative statute of limitations must be *"expressly* provided by law," the state's argument that ORS 131.125(2)(d) is such a statute is highly unlikely. *Cf. Stuart v. Pittman*, 235 Or App 196, 205, 230 P3d 985, *rev allowed*, 349 Or 173 (2010) (statutory reference to "express" terms of an insurance policy requires wording that is " 'directly and distinctly stated or expressed rather than implied or left to inference' " (quoting *Webster's Third New Int'l Dictionary* 803 (unabridged ed 2002))).

The state nevertheless contends that the reference to "[r]ape in the first degree" is itself an "express" reference both to the completed offense and to the inchoate attempt. The state reasons that, because attempted first-degree rape is a lesser-included offense of first-degree rape, it follows that "the limitations period for rape and attempted rape should be the same."

Again, however, the state misapprehends its burden. The question is not what *should* be the statute of limitations for attempted rape, but what the legislature intended by the statutes of limitation that it actually enacted in ORS 131.125(2)(d) and ORS 131.125(6). In that light, we find significant that, when the legislature wants to refer to an attempt offense, it does so by the employment of statutory wording that readily reflects that desire. Consider, for example, another subsection of ORS 131.125, which refers to time

limitations for prosecutions of, among other things, "aggravated murder, murder, [and] attempted murder or aggravated murder." ORS 131.125(1). There, the statute explicitly mentions separately attempt offenses. If the state were correct, the references in ORS 131.125(1) to attempted murder and attempted aggravated murder would be superfluous. *See State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005) ("As a general rule, we assume that the legislature did not intend any portion of its enactments to be meaningless surplusage.").

What is more, the legislative history of what is now ORS 131.125(1) makes clear that the legislature is quite aware of the distinction between a completed and an attempted offense. Originally, ORS 131.125(1) applied only to "murder or manslaughter" and said nothing about attempts to commit either offense. ORS 131.125(1) (1989). The legislature amended the statute in 1997. Or Laws 1997, ch 850, § 5. The original bill, Senate Bill 614, was referred to the Senate Committee on Crime and Corrections, which held a hearing at which a representative of the Oregon State Police explained that the amendment was necessary because, under the then-existing version of the statute, only the completed offenses of murder and manslaughter were covered. Testimony, Senate Committee on Crime and Corrections, SB 614, Apr 23, 1997, Ex E (statement of Kent Zwicker, Oregon State Police detective). The witness explained that, under the then-current law, a person who attempted unsuccessfully to commit murder would be subject to the three-year limitation period for felonies under ORS 131.125(6). *Id.* Consistently with that testimony, the staff measure summary explained that the purpose of the bill is to "make[ ] the statute of limitations of the crimes of attempted aggravated murder, attempted murder, * * * the same as murder." Preliminary Staff Measure Summary, Senate Committee on Crime and Corrections, SB 614, Apr 23, 1997, Ex I.

The state insists that it would contravene public policy to allow for an extended statute of limitations for a completed rape, but only a three-year statute of limitations for attempted rape. Our job, however, is to interpret the statute as written by the legislature, and, as written, nothing in the

text of ORS 131.125 allows for an extended statute of limitations for attempted rape. *Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999) ("This court's statutory construction methodology, not policy considerations, guide [our] inquiry.").

Because ORS 131.125(2) does not expressly provide for an extended statute of limitations for attempted rape in the first degree, petitioner clearly was prejudiced by his attorney's failure to raise the issue before the trial court. If trial counsel had filed a motion to dismiss the attempted rape charge for failure to comply with the three-year statute of limitations under ORS 131.125(6), the charge would have been dismissed.

Reversed and remanded with instructions to enter judgment allowing post-conviction relief.