STATE of Wisconsin, Plaintiff-Respondent,

v.

Rodney A. LARSON, Defendant-Appellant.

Court of Appeals

*No. 2010AP1666–CR. Submitted on briefs June 7, 2011.
—Decided June 21, 2011.*

2011 WI App 106

(Also reported in 801 N.W.2d 343.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Chris A. Gramstrup*, Superior.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Nancy A. Noet*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Rodney A. Larson was charged with attempted first-degree intentional homicide nearly fifteen years after committing the offense. The State contends that, like completed first-degree intentional homicide, a prosecution for attempted first-

degree intentional homicide may be commenced at any time. We disagree and conclude the six-year statute of limitations for most felonies applies. We therefore reverse.

## BACKGROUND

¶ 2.   On December 23, 2008, a summons and criminal complaint were issued, charging Larson with attempted first-degree intentional homicide, contrary to WIS. STAT. §§ 940.01(1) and 939.32.[1] The charge stemmed from a March 6, 1994 attack on a convenience store clerk that occurred in the Town of New Franken in Brown County. Larson was connected to the crime by a 2005 analysis of DNA collected shortly after the attack.

¶ 3.   Larson moved to dismiss, arguing the charge was barred by the statute of limitations. The circuit court denied Larson's motion. After a two-day trial, a jury found Larson guilty. The court sentenced Larson to an indeterminate term of fifteen years in prison. Larson now appeals, contending the court erred by denying his motion.

## DISCUSSION

■

¶ 4.   This case requires us to determine the applicable statute of limitations for attempted first-degree intentional homicide. To do so, we must interpret WIS. STAT. § 939.74. This is a question of law that we review independently. *See State v. MacArthur*, 2008 WI 72, ¶ 8, 310 Wis. 2d 550, 750 N.W.2d 910.

---

[1] Because Larson was prosecuted for an offense that occurred in March 1994, all references to the Wisconsin Statutes are to the 1993–94 version unless otherwise noted.

¶ 5.   "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. We begin with the language of the statute, giving that language "its common, ordinary, and accepted meaning[.]" *Id.*, ¶ 45. " 'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.' " *Id.*, ¶ 46 (quoting *Bruno v. Milwaukee Cnty.*, 2003 WI 28, ¶ 20, 260 Wis. 2d 633, 660 N.W.2d 656). However, if the statute is ambiguous, that is, "if reasonable minds could differ as to its meaning," *Harnischfeger Corporation v. Labor and Industry Review Commission*, 196 Wis. 2d 650, 662, 539 N.W.2d 98 (1995), we examine extrinsic sources, such as legislative history, to ascertain the legislature's intent, *Kalal*, 271 Wis. 2d 633, ¶¶ 43, 51.

¶ 6.   WISCONSIN STAT. § 939.74(1) reads:

> *Except as provided in sub. (2),* and s. 946.88 (1),[2] *prosecution for a felony must be commenced within 6 years* and prosecution for a misdemeanor or for adultery within 3 years after the commission thereof. Within the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed.

(Emphasis added.) Subsection (2) goes on to provide, in relevant part:

---

² WISCONSIN STAT. § 946.88(1), which deals with offenses under the Wisconsin Organized Crime Control Act, is not relevant here. *See* WIS. STAT. §§ 946.80, 946.88(1).

> Notwithstanding that the time limitation under sub.
> (1) has expired:
>
> (a) *A prosecution under s. 940.01, 940.02 or 940.03 may
> be commenced at any time.*

Wis. Stat. § 939.74(2)(a) (emphasis added).

¶ 7.   Larson argues this statute is unambiguous. Wisconsin Stat. § 939.74(1) states that prosecution for a felony must be commenced within six years after commission of the offense, except as provided in subsection (2). The only potential exception in subsection (2) is paragraph (a), which states that a prosecution "under s. 940.01 [the first-degree intentional homicide statute] . . . may be commenced at any time." Larson argues this exception does not apply because he was not charged with first-degree intentional homicide. Instead, he was charged with *attempted* first-degree intentional homicide. Because § 939.74(2)(a) does not explicitly mention attempted first-degree intentional homicide, Larson argues the statute does not apply to that offense.

¶ 8.   The State also contends the statute is unambiguous. However, the State concludes Wis. Stat. § 939.74(2)(a) applies to attempted first-degree intentional homicide because a prosecution for that crime is a prosecution under Wis. Stat. § 940.01. The State argues that "the element of attempt under [Wis. Stat.] § 939.32[] does not alter the substantive nature of the charge as 'a prosecution under [s.] 940.01[.]' " The State notes that a defendant cannot be guilty of "attempt" alone, and "attempt" has no meaning as a charge unless it operates in conjunction with an underlying offense. The State therefore argues that attempted first-degree intentional homicide is "a prosecution under s. 940.01" because § 940.01, rather than § 939.32, provides the

substantive basis for the charge. Consequently, the State contends § 939.74(2)(a) allows a prosecution for attempted first-degree intentional homicide to be commenced "at any time."

¶ 9. We conclude Wis. Stat. § 939.74(2)(a) is ambiguous with regard to whether a prosecution for attempted first-degree intentional homicide may be commenced "at any time." Reasonable minds could differ as to the meaning of the statute. *See Harnischfeger Corp.*, 196 Wis. 2d at 662. We agree with Larson that, because § 939.74(2)(a) does not explicitly mention attempted first-degree intentional homicide or the attempt statute, Wis. Stat. § 939.32, it could reasonably be read not to include that offense. However, we also agree with the State that the language "a prosecution under [Wis. Stat. § 940.01" could reasonably be read to include attempted first-degree intentional homicide, which is charged, in part, under § 940.01. Accordingly, because the statutory language reasonably supports both interpretations, we look to the history of § 939.74(2)(a) to ascertain the legislature's intent. *See Kalal*, 271 Wis. 2d 633, ¶¶ 43, 51.

¶ 10. Wisconsin Stat. § 939.74(2)(a) was revised in 1988, as part of a general overhaul of Wisconsin's homicide statutes. *See* 1987 Wis. Act 399, §§ 472zkcm-472zkg. Before the revision, the statute read, "A prosecution *for murder* may be commenced at any time[.]" *See* Wis. Stat. § 939.74(2)(a) (1985–86) (emphasis added). Three of the framers of the revision—Walter Dickey, David Schultz, and James L. Fullin, Jr.—have stated that § 939.74(2)(a) was modified in 1988 "to reflect the new names for the most serious homicide offenses." *See* Walter Dickey, David Schultz & James L. Fullin, Jr., *The Importance of Clarity in the Law of*

*Homicide: The Wisconsin Revision,* 1989 WIS. L. REV. 1323, 1334. They further explained:

> Section 939.74(2)(a) provides an exception to the general criminal statute of limitations for some homicide offenses. As amended by the homicide revision, the statute provides that a "prosecution under s. 940.01, 940.02 or 940.03 may be commenced at any time." *This is a change from the former version which had provided that prosecutions for "murder" could be commenced at any time. It had been interpreted as including only first- and second-degree murder.*

> The crimes enumerated in section 939.74(2) are first-degree intentional homicide, first-degree reckless homicide and felony murder, respectively. *For all other homicides,* the regular criminal statute of limitations set forth in section 939.74(1) applies, requiring that prosecutions for felonies be commenced within six years after the commission of the crime (subject to exceptions set forth in the statute).

*Id.* at 1334 n.48 (emphasis added). Thus, the 1988 revision did not intend to change the meaning of § 939.74(2)(a) as far as the issue in this case is concerned—that is, whether the statute applies to attempted homicide prosecutions. Rather, the statute was revised to clarify the degrees of homicide to which it applies.

■

¶ 11. Because the 1988 revision did not intend to change the meaning of WIS. STAT. § 939.74(2)(a) as it relates to attempted homicides, we can look to the language of the pre-1988 statute for guidance. If Larson's case had arisen under the pre-1988 statute, the relevant question would be whether "[a] prosecution for murder" includes a prosecution for *attempted* murder. *See* WIS. STAT. § 939.74(2)(a) (1985–86). We

conclude that it does not. The phrase "a prosecution for murder" unambiguously refers to prosecution of a completed offense. Given that the 1988 revision did not change the meaning of § 939.74(2)(a) in relation to attempted homicide, it follows that the revised statute's phrase, "[a] prosecution under s. 940.01," also refers to the completed crime instead of the attempt. Consequently, we conclude the revised version of § 939.74(2)(a) does not apply to a prosecution for attempted first-degree intentional homicide, which must instead be commenced within six years in accordance with WIS. STAT. § 939.74(1).

¶ 12. Case law from other states supports our conclusion. Our research has revealed two other cases that address whether a statute of limitations for a completed crime also applies to a prosecution for the attempted crime. *See People v. Edwards*, 434 N.E.2d 1179 (Ill. App. Ct. 1982); *Lamb v. Coursey*, 243 P.3d 130 (Or. Ct. App. 2010). Both cases conclude that, when the statute of limitations explicitly mentions the completed crime, but not the attempt, the statute does not apply to a prosecution for the attempted crime.

¶ 13. In *Edwards*, 434 N.E.2d at 1180, Illinois' intermediate appellate court considered whether attempted murder fell under section 3–5(b) of the criminal code, a three-year statute of limitations for felonies, or section 3–5(a), which provided, "A prosecution for murder, manslaughter, treason, arson, or forgery may be commenced at any time." The state argued that "attempted murder is so similar to murder that it should be governed by section 3–5(a) and not by section 3–5(b)." *Id.* at 1182. The court disagreed, concluding:

> Section 3–5(a) is precise and unambiguous, specifying the offenses that may be prosecuted at any time[: ]

> murder, manslaughter, treason, arson, and forgery. Although in certain cases the only difference between murder and attempted murder may be whether the victim dies, they are distinct offenses and include different elements . . . . The legislature chose not to include attempted murder or any other inchoate offense in section 3–5(a), and we see no reason to undo this choice by interpretation.

*Id.*[3]

¶ 14. The Oregon Court of Appeals recently reached a similar result in *Lamb*. There, the court was asked to determine the applicable statute of limitations for attempted rape in the first degree. *Lamb*, 243 P.3d at 131–32. The defendant argued attempted rape in the first degree fell under the general, three-year statute of limitations for felonies. *Id.* at 132. However, the state pointed out that a different statute provided a six-year limitation for prosecution of "rape in the first degree." *Id.* at 132. The state argued the phrase "rape in the first degree," as used in the six-year statute, "[was] capable of meaning both the completed offense and an attempt." *Id.* at 133. The court rejected the state's contention, reasoning that the six-year statute contained a list of offenses, including various degrees of rape, but did not mention attempted rape. *Id.* at 134. The court concluded, "The natural inference is that, if the legislature had intended to include attempted rape, it easily could have done so." *Id.*

¶ 15. The respective penalties for first-degree intentional homicide and attempted first-degree intentional homicide further support our conclusion that a

---

[3] The Illinois legislature later revised the criminal statute of limitations, and under the current version, a prosecution for "attempt to commit first degree murder" may be commenced at any time. *See* 720 ILL. COMP. STAT. 5/3–5 (2010).

prosecution for attempted first-degree intentional homicide is not "[a] prosecution under s. 940.01," and therefore must be commenced within six years. First-degree intentional homicide is a Class A felony, punishable by life imprisonment. *See* WIS. STAT. §§ 939.50(3)(a), 940.01(1). In contrast, attempted first-degree intentional homicide is a Class B felony, punishable by "imprisonment not to exceed 40 years."[4] *See* WIS. STAT. §§ 939.32(1)(a), 939.50(3)(b). The greater penalty for first-degree intentional homicide shows that the legislature views the completed crime as being more serious than the attempt. Criminal statutes of limitations are generally set based on the seriousness of offenses, and very few offenses have no statute of limitations. *See* 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 18.5(a), at 185 (3d ed. 2007). If the legislature views completed first-degree intentional homicide as more serious than attempted first-degree intentional homicide for sentencing purposes, it is logical to conclude the legislature also views the completed offense as more serious for statute of limitations purposes. It therefore follows that the legislature intended the attempted crime to have a shorter statute of limitations than the completed crime, which is one of only a small number of offenses that may be prosecuted at any time.

¶ 16. For the foregoing reasons, we conclude WIS. STAT. § 939.74(2)(a), which provides that prosecutions "under [WIS. STAT. § 940.01" may be commenced at any time, does not apply to a prosecution for an attempted violation of that section. Accordingly, a prosecution for attempted first-degree intentional homicide must be

---

[4] Under the current version of the statutes, a Class B felony is punishable by "imprisonment not to exceed 60 years." *See* WIS. STAT. § 939.50(3)(b) (2009–10).

commenced within six years. *See* Wis. Stat. § 939.74(1). Larson was not charged within the time period provided by the applicable statute of limitations.

*By the Court.*—Judgment reversed.